# Illinois Official Reports

## Appellate Court

---

### *People v. Stewart*, 2018 IL App (3d) 160408

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE LEE STEWART, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0408 |
| Filed<br>Modified upon<br>denial of rehearing | November 9, 2018<br><br>December 12, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 06-CF-359; the Hon. John P. Vespa, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Jack Hildebrand, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Patrick Delfino, David J. Robinson, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice Lytton concurred in the judgment and opinion.
Justice Schmidt dissented, with opinion.

**OPINION**

¶ 1       Defendant, Joe Lee Stewart, appeals the trial court's order granting the State's motion to dismiss his section 2-1401 petition. Specifically, defendant argues that the court erred in considering the petition as a successive postconviction petition without informing defendant. We vacate the court's order dismissing defendant's petition and remand the matter with directions that the court admonish defendant regarding its recharacterization of the petition.

¶ 2                                        FACTS

¶ 3       Defendant was convicted of first degree murder (720 ILCS 5/9-1(a)(1) (West 2004)) for causing the death of Leon Riley. The court sentenced defendant to 30 years' imprisonment plus a firearm enhancement of 25 years' imprisonment. Defendant was represented by Assistant Public Defender Mark Rose throughout the pretrial proceedings, the trial, and sentencing. On appeal, we awarded defendant additional presentence custody credit but otherwise affirmed defendant's conviction and sentence. *People v. Stewart*, No. 3-06-0874 (2008) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 4       On September 8, 2008, defendant filed a *pro se* postconviction petition alleging, *inter alia*, that defendant's trial counsel labored under a conflict of interest. Specifically, the petition alleged: "Trial counsel was ineffective for failing to make the petitioner aware of his connection to the victim and the vi[c]tim's family, by not presenting petitioner with a[n] intelligent waiver prepared by counsel to inform the petitioner of his rights under such circumstances." The trial court summarily dismissed the petition. On appeal, we affirmed the summary dismissal. *People v. Stewart*, 405 Ill. App. 3d 1216 (2010) (table) (unpublished order under Illinois Supreme Court Rule 23). We reasoned that defendant "failed to attach any affidavits, records, or other evidence to support his allegations of conflict of interest." *Id.*, slip order at 6. We also reasoned that defendant failed to allege sufficient facts to "make clear the nature of the conflict of interest he allege[d]." *Id.*

¶ 5       On July 9, 2015, defendant filed a *pro se* pleading titled "Motion in Nature of Writ of Error Coram Nobis," which is the subject of the instant appeal. The pleading indicated that defendant was seeking relief under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). In the motion, defendant argued that Rose had previously represented Riley and failed to disclose this conflict to defendant. Defendant attached to his motion a document titled "Case Summary Case No. 02-CF-00053-1." This document indicated that Leon D. Riley had been convicted of aggravated robbery in 2002. The document listed the "Lead Attorneys" as "A. Purham" and "M. Rose." Defendant alleged that he had relied on family members to supply him with the case summary and that he "exercised due diligence in securing this information/evidence as directed by the appellate court."

¶ 6       The court held a status hearing on defendant's *pro se* pleading. The court asked defendant if he was making a claim of ineffective assistance of counsel. Defendant said yes. The court

asked defendant if he had brought that claim before the court in prior proceedings. Defendant said that his previous appeal was denied because he did not have documentation to support the claim. The court asked the State if it had filed a response to defendant's pleading. The assistant state's attorney replied: "No, sir. I'm not sure that it is even proper character in his post conviction petition. If the Court wants to characterize as that, I guess I would ask we set it for motions to be filed." The assistant state's attorney stated that the pleading was "not obviously on its face a post-conviction petition." The court noted that the State might not have been served with the pleading and gave the State 30 days to respond.

¶ 7        The court then appointed an assistant public defender to represent defendant. The assistant public defender asked the court what type of case it was. The court replied: "Well, okay, I will call it for purposes of answering your question, post conviction, post conviction case." The court told the assistant public defender to inform the court if he reviewed the case and determined that it was not a postconviction case. The assistant public defender stated that he believed defendant's pleading was a section 2-1401 petition and that defendant was not entitled to court-appointed counsel. The court replied:

> "The problem is he didn't label this like he should have. It is no big deal. I don't care, but that has got us where you just can't go to the one pleading and see a label on there and know one way or the other whether to appoint the Public Defender, and I would rather not take his word for it."

The court gave the assistant public defender 30 minutes to review the pleading. After the recess, the court indicated that the case would be continued. The record does not show any further discussion between the court and the assistant public defender, nor does it show that the trial court admonished defendant that it intended to recharacterize the petition.

¶ 8        On May 13, 2016, the State filed a "Motion to Dismiss Defendant's Petition for Relief from Judgment," which characterized defendant's pleading as a section 2-1401 petition. The motion to dismiss argued that defendant's petition was untimely under section 2-1401(c) of the Code (*id.* § 2-1401(c)) because it was filed more than two years after the entry of judgment. The motion also argued that defendant's petition improperly attempted to relitigate an issue that he previously raised in other collateral proceedings and that defendant's petition was insufficient on its face because trial counsel's alleged prior representation of the murder victim was not a *per se* conflict of interest.

¶ 9        On June 10, 2016, a hearing was held on the State's motion to dismiss. Defendant appeared *pro se* at the hearing. The record does not indicate that the public defender had withdrawn as counsel. At the hearing, the court and the State referred to defendant's pleading as a petition for relief from judgment. Defendant asked to file a *pro se* response to the State's motion to dismiss. The State did not object, and the court indicated that it would consider defendant's written response.

¶ 10       In the written response, defendant argued that trial counsel's prior representation of Riley created a *per se* conflict of interest. Defendant stated that this was a violation of his sixth amendment right to effective assistance of counsel and requested that the court recharacterize his section 2-1401 petition as a successive postconviction petition. Defendant attached a notarized affidavit stating that he was never informed of his trial counsel's prior representation of Riley or given the chance to waive his right to conflict-free counsel. Defendant also attached a "Motion for Leave to File Successive Post-Conviction Petition Pursuant to 725 ILCS 5/122-1(f)." In this motion, defendant alleged that there was cause for his failure to bring the

claim in his previous postconviction petition because he was waiting on family members to obtain the case summary documenting trial counsel's prior representation of Riley. Defendant also alleged that prejudice resulted from his failure to bring the claim earlier because "the claim infected [his] judgment of conviction."

¶ 11    The court entered a written order granting the State's motion to dismiss. The court referred to defendant's *pro se* pleading as a postconviction petition throughout the written order. The court reasoned that defendant's petition was untimely, his claim was barred by the doctrine of *res judicata,* and the petition "fail[ed] to 'clearly set forth the respects in which petitioner's constitutional rights were violated.' " The order stated that it was a final judgment pursuant to section 122-2.1(a)(2) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1(a)(2) (West 2014)).

¶ 12                                             ANALYSIS

¶ 13    Defendant argues that the court erred in dismissing his section 2-1401 petition by "(1) considering the petition as a successive post-conviction petition without informing [defendant]; (2) appointing counsel and then having [defendant] proceed *pro se*; and (3) requiring [defendant] to show prejudice from the *per se* conflict." We find that this matter must be remanded because the court failed to properly admonish defendant before recharacterizing defendant's *pro se* pleading as a postconviction petition.

¶ 14    "[W]here a *pro se* pleading alleges a deprivation of rights cognizable in a postconviction proceeding, a trial court may treat the pleading as a postconviction petition, even where the pleading is labeled differently." *People v. Shellstrom*, 216 Ill. 2d 45, 53 (2005). However, before recharacterizing a pleading as a postconviction petition, the trial court must give the defendant several admonitions (*Shellstrom* admonitions). *Id.* at 57. Specifically, before recharacterizing a *pro se* pleading as a successive postconviction petition, the trial court must:

        "(1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that the petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the factors and arguments appropriate to a successive postconviction petition that the litigant believes he or she has." *People v. Pearson*, 216 Ill. 2d 58, 68 (2005).

See also *Shellstrom*, 216 Ill. 2d at 57.

¶ 15    In the instant case, it is clear that the court recharacterized defendant's *pro se* pleading as a successive postconviction petition at some point during the proceedings.[1] At the initial status hearing, the court asked defendant if he was making a claim of ineffective assistance of

---

[1]We disagree with the State's position that the court recharacterized defendant's pleading as an initial postconviction petition rather than a successive postconviction petition. Because defendant had previously filed an initial postconviction petition, the standards for successive postconviction petitions necessarily applied in the event that the court recharacterized the *pro se* pleading as a postconviction petition. We acknowledge that the court cited section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2014)) in its written order, which concerns first-stage summary dismissals. However, we believe that the court's reference to section 122-2.1(a)(2) of the Act merely indicated that the court applied the incorrect standard after recharacterizing the *pro se* pleading as a postconviction petition.

counsel, which is a constitutional claim that is cognizable in a postconviction proceeding. Defendant said yes. The court then appointed counsel to represent defendant. Appointed counsel asked what type of case it was, and the court replied, "I will call it for purposes of answering your question, post conviction, post conviction case." When appointed counsel expressed doubt as to whether defendant's *pro se* pleading was actually a successive postconviction petition, the court indicated that defendant did not label the pleading correctly. The court told appointed counsel that he could review the case and advise the court if he did not believe it was a postconviction case, but the record does not indicate that counsel ever did this. Significantly, the court referred to defendant's pleading as a postconviction petition in its written order granting the State's motion to dismiss.

¶ 16    Because the court recharacterized defendant's *pro se* pleading as a successive postconviction petition, the court erred in failing to (1) admonish defendant that it was recharacterizing the pleading as a successive postconviction, (2) admonish defendant that the petition would be subject to the strictures of the Act, and (3) give defendant an opportunity to withdraw or amend his pleading. See *Pearson*, 216 Ill. 2d at 68. Accordingly, we find that the matter must be remanded for new proceedings. Because we have found that remand is required based on the court's failure to give the *Shellstrom* admonitions, we need not reach defendant's alternative arguments on appeal.

¶ 17    We reject the State's argument that the court did not err in failing to give defendant the above admonitions because defendant requested that the court recharacterize his *pro se* pleading as a successive postconviction petition in his response to the State's motion to dismiss. The State cites *People v. Bland*, 2011 IL App (4th) 100624, for the proposition that a court need not provide *Shellstrom* admonitions where the court does not *sua sponte* recharacterize a defendant's pleading. In *Bland*, the defendant filed a *pro se* pleading that cited both section 2-1401 of the Code and section 122-1 of the Act. *Id.* ¶ 2. The trial court asked the defendant at a hearing whether he wished to proceed under the Act or section 2-1401, and the defendant replied that he wished for his pleading to be treated as a postconviction petition. *Id.* ¶¶ 8-9. The *Bland* court held that *Shellstrom* admonitions were unnecessary under these circumstances. *Id.* ¶ 24.

¶ 18    In the instant case, unlike in *Bland*, defendant did not cite both the Act and section 2-1401 of the Code in his initial *pro se* pleading. Moreover, unlike in *Bland*, the record does not clearly show at which point the court recharacterized the petition. Here, the court did not state explicitly in its order granting the State's motion to dismiss that it was recharacterizing defendant's *pro se* pleading as a successive postconviction petition because defendant had requested that the court do so. Also, the court showed some intent to recharacterize the *pro se* pleading as a successive postconviction petition at the initial hearing on defendant'*s pro se* pleading, which occurred before defendant requested that the court recharacterize his pleading. During that hearing, the trial court appeared to believe defendant's pleading was in the nature of a successive postconviction petition, and it gave the appointed public defender thirty minutes to review the case and inform the court if he determined it was not a postconviction case. However, there is no indication the public defender weighed in on the nature of the petition as requested by the trial court. Thus, it is unclear whether the court recharacterized the *pro se* pleading after defendant filed his motion for leave to file a successive postconviction petition or earlier in the proceedings.

¶ 19    While the dissent correctly notes that defendant filed a *pro se* motion for leave to file a successive postconviction petition along with his response to the State's motion to dismiss, it is unclear whether the trial court actually considered this motion. The court did not expressly deny defendant's motion for leave to file a successive postconviction petition. Instead, the court granted the State's motion to dismiss, which characterized defendant's initial pleading as a section 2-1401 petition. The written order granting the State's motion to dismiss did not mention defendant's motion for leave to file a successive postconviction petition or the cause and prejudice standard. The written order cited section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2014)), which concerns first-stage summary dismissals rather than leave to file successive petitions. The court's reference to section 122-2.1(a)(2) rather than the cause and prejudice standard indicates that the court did not recharacterize the pleading in response to defendant's motion for leave to file a successive postconviction petition.

¶ 20    In light of all of the confusion as to the nature of the pleadings, we cannot conclude that the trial court recharacterized the pleadings at defendant's request, which would have alleviated the need for the *Shellstrom* admonitions. Giving the admonitions would have the additional benefit of clarifying for all parties involved that the court was proceeding under the Act rather than under section 2-1401 of the Code.

¶ 21                                              CONCLUSION

¶ 22    For the foregoing reasons, we vacate the judgment of the trial court. We remand the matter to the trial court with directions to (1) admonish defendant that the court intends to recharacterize the pleading as a successive postconviction petition, (2) warn defendant that this recharacterization means that the petition will be subject to the restrictions on successive postconviction petitions, and (3) provide defendant an opportunity to withdraw or amend the pleading "so that it contains all the factors and arguments appropriate to a successive postconviction petition that [defendant] believes he *** has." *Pearson*, 216 Ill. 2d at 68.

¶ 23    Vacated and remanded with directions.

¶ 24    JUSTICE SCHMIDT, dissenting:

¶ 25    Defendant cannot ask the court to treat his pleading as a successive postconviction petition and then complain on appeal that the court granted his request. *People v. Carter*, 208 Ill. 2d 309, 319 (2003); see *People v. Henderson*, 2017 IL App (3d) 150550, ¶ 36; *People v. Threatte*, 2017 IL App (2d) 160161, ¶ 18; *People v. Henderson*, 45 Ill. App. 3d 798, 802 (1977).

¶ 26    Because this does not involve a court, *sua sponte*, characterizing a pleading as a successive postconviction petition, *Pearson* and *Shellstrom* are inapplicable. Unlike the defendant in *Pearson*, it is clear that defendant knew what he was doing when he asked that his pleading be filed as a successive postconviction petition. He alleged, or attempted to allege, both cause and prejudice.

¶ 27    I also believe that the majority's attempts to distinguish *Bland* clearly fail. See *supra* ¶¶ 17-18. While the majority is not bound to follow *Bland*, *Bland* is well-reasoned and supports the State's position that, under the facts of this case, no additional admonitions to defendant were necessary.

¶ 28    Defendant's successive postconviction petition failed to establish "cause." The gravamen of defendant's argument is that his former defense attorney, Mark Rose, had previously acted as defense counsel for defendant's victim, Riley, in a 2002 criminal matter. In his motion for leave to file a successive postconviction petition, the defendant pled that the cause for not filing this motion until eight years after his trial was that he was waiting for his family to obtain the case summary documenting trial counsel's prior representation of Riley. As the majority points out (*supra* ¶ 4), defendant unsuccessfully attempted to raise this same issue in his September 8, 2008, postconviction petition. The trial court correctly found the issue *res judicata*. Defendant provides no reason why he could not obtain necessary documentation before filing his original postconviction petition. "I was waiting for my family" is no just cause for delay. If defendant could obtain the records in 2015, he could have done so in 2008.

¶ 29    Again, the defendant here filed a motion for leave to file a successive postconviction petition, asked that his claim be treated as a successive postconviction petition, and then the majority holds that the trial court recharacterized defendant's section 2-1401 petition as a successive postconviction petition *sua sponte*, without giving admonitions to defendant. This case is nothing like either *Shellstrom* or *Pearson*. I would affirm.