2019 IL App (1st) 161428

No. 1-16-1428

September 23, 2019

First Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 99 CR 10066 |
| | ) | |
| RORY COOK, | ) | Honorable |
| | ) | Neera L. Walsh, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WALKER delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a 2000 jury trial, defendant, Rory Cook, was convicted of first degree murder and sentenced to 30 years' imprisonment. We affirmed on direct appeal. *People v. Cook*, 352 Ill. App. 3d 108 (2004). We affirmed the dismissal of his 2005 postconviction petition and the denial of leave to file a successive postconviction petition in 2012. *People v. Cook*, 2013 IL App (1st) 111551-U; *People v. Cook*, 2015 IL App (1st) 123236-U. We also affirmed the denial of defendant's 2013 *pro se* "Motion for Prosecutorial Misconduct," denial of his 2014 mandamus

petition, denial of his 2015 motion for forensic testing, and dismissal of his 2015 petition for relief from judgment.[1]

¶ 2    Defendant now appeals from the circuit court's disposition of his *pro se* "Motion for New Trial for Newly Discovered Evidence, State's Miscarriage of Justice for Witholding [*sic*] Evidence in Defendants [*sic*] Judicial Proceedings." Defendant's contention is that the court erred in recharacterizing his motion as a successive postconviction petition and denying leave to file it without first notifying him and giving him an opportunity to withdraw or amend it. For the reasons stated below, we vacate the denial of leave to file and remand for the requisite notice and opportunity to withdraw or amend the motion.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant filed his "Motion for New Trial for Newly Discovered Evidence, State's Miscarriage of Justice for Witholding [*sic*] Evidence in Defendants [*sic*] Judicial Proceedings" on December 31, 2015. He did not name or cite any statute as a basis for the filing. In the motion, defendant claimed newly discovered evidence showed he was not proved guilty beyond a reasonable doubt, he was actually innocent, and he was wrongfully convicted. Defendant claimed he was denied a fair trial and due process of law because the State withheld evidence from the jury and made prejudicial, inflammatory, and erroneous statements in closing argument, and the trial court erred in denying his motion to suppress. Defendant did not support the motion with attachments.

¶ 5    On April 1, 2016, the circuit court issued an order finding that defendant's filing of December 31, 2015, asserted constitutional claims as a collateral attack on his conviction and

---

[1]Defendant has two other pending appeals proceeding separately from this appeal (case Nos. 1-17-3032 and 1-18-1105).

characterized the filing as a successive postconviction petition. In the same order, the court denied leave to file the petition, finding defendant's claims barred by waiver and *res judicata* and he did not state the requisite cause and prejudice for a successive postconviction petition.

¶ 6                                                    II. ANALYSIS

¶ 7      On appeal, defendant's sole contention is that the court erred by recharacterizing his *pro se* "pleading" as a successive postconviction petition without notice and an opportunity to amend or withdraw the "pleading," as required by *People v. Shellstrom*, 216 Ill. 2d 45 (2005), and *People v. Pearson*, 216 Ill. 2d 58 (2005). The State does not dispute that the court characterized defendant's filing as a successive postconviction petition without providing said notice and opportunity. It contends, however, that the court was not required to do so because defendant's filing was not a pleading commencing an action cognizable under Illinois law. See *id*. at 68 (holding the three-step *Shellstrom* notice procedure applies to "recharacterizing as a successive postconviction petition a *pleading* that a *pro se* litigant has labeled as a *different action cognizable under Illinois law*" (emphases added)).

¶ 8      The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(a)(1) (West 2016)) allows a defendant to file a petition claiming that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." Generally, a defendant may file only one petition under the Act without leave of court, and claims not raised in an initial petition as amended are waived. *Id.* §§ 122-1(f), 122-3. Leave to file a successive petition is granted if the defendant can show cause for not raising the new claim in an earlier proceeding and prejudice—a deprivation of due process—from not raising it earlier. *Id.* § 122-1(f). Thus, the requirements for filing a successive

postconviction petition are higher than those for an initial postconviction petition. See *Shellstrom*, 216 Ill. 2d at 55-56 (cause-and-prejudice test is "not easy to overcome"); *Pearson*, 216 Ill. 2d at 68 ("rigorous standards of a successive postconviction petition").

¶ 9    It is well settled that the circuit court can recharacterize a *pro se* pleading alleging a deprivation of rights cognizable in a postconviction proceeding but not labeled a postconviction petition, even one clearly labeled as something else. *Shellstrom*, 216 Ill. 2d at 51-53; *Pearson*, 216 Ill. 2d at 66-67.

¶ 10    However, the *Shellstrom* court warned that, if the circuit court "could summarily recharacterize as a first postconviction petition a *pro se* litigant's pleading that was labeled differently" without an opportunity for the litigant to respond,

> "the pleading that was transformed into the litigant's first postconviction petition would present only those arguments that the litigant had chosen to include before realizing that he was, in effect, filing a postconviction petition. Any additional arguments that the litigant might have included in a first postconviction petition would be barred from successive petitions unless the litigant could demonstrate cause for failing to bring them *and* prejudice resulting from that failure." (Emphasis in original.) *Shellstrom*, 216 Ill. 2d at 56.

The *Shellstrom* court therefore held that:

> "when a circuit court is recharacterizing as a first postconviction petition a *pleading* that a *pro se* litigant has labeled as *a different action cognizable under Illinois law*, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent

postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has. If the court fails to do so, the pleading cannot be considered to have become a postconviction petition for purposes of applying to later pleadings the Act's restrictions on successive postconviction petitions." (Emphases added.) *Id.* at 57.

¶ 11       The *Shellstrom* defendant had not previously filed a petition under the Act before filing a *pro se* "Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea." The circuit court recharacterized the pleading as a postconviction petition without informing the defendant and summarily dismissed it. *Id.* at 57-58. Because the *Shellstrom* defendant was not given an opportunity to withdraw or amend his pleading to include whatever additional postconviction claims he thought fit, the supreme court vacated the summary dismissal and remanded for the circuit court to give the defendant that opportunity. *Id.*

¶ 12       In *Pearson*, filed the same day as *Shellstrom*, the supreme court held that the three-step *Shellstrom* procedure applies to "recharacterizing as a successive postconviction petition a *pleading* that a *pro se* litigant has labeled as a *different action cognizable under Illinois law*." (Emphases added.) *Pearson*, 216 Ill. 2d at 68. Because the circuit court in *Pearson* neither notified the defendant that recharacterizing his section 2-1401 petition (735 ILCS 5/2-1401 (West 2000)) as a successive postconviction petition would require it to satisfy the requirements

of a successive postconviction petition, nor gave the defendant the opportunity to withdraw or amend it, the supreme court remanded for the circuit court to do so. *Pearson*, 216 Ill. 2d at 69.

¶ 13    Thus, as the State argues here, *Shellstrom* and *Pearson* include a proviso that the recharacterized *pro se* filing was a pleading stating an action cognizable under Illinois law. The State argues the three-step *Shellstrom/Pearson* procedure was therefore not required for recharacterization of defendant's filing because his motion for a new trial was not a pleading cognizable under Illinois law, such as the mandamus pleading at issue in *Shellstrom* and the section 2-1401 pleading in *Pearson*. It asserts defendant's 2015 *pro se* motion for a new trial did not set forth a cognizable claim at all, as it was untimely filed years after the 2000 trial and the trial court had no jurisdiction to consider it. See 725 ILCS 5/116-1(b) (West 2016) (motion for a new trial must be filed within 30 days following the entry of a finding or the return of a verdict).

¶ 14    However, since *Shellstrom* and *Pearson*, our supreme court has decided *People v. Swamynathan*, 236 Ill. 2d 103, 106 (2010), in which the circuit court recharacterized a defendant's untimely *pro se* motion to withdraw his guilty plea and vacate his sentence as a postconviction petition. The circuit court provided the defendant the *Shellstrom* admonishments, including the opportunity to withdraw or amend his filing, but the final admonishment was not given until months after the first. *Id.* at 107-10. When the circuit court then summarily dismissed the recharacterized petition, the defendant contended on appeal that his petition was improperly summarily dismissed more than 90 days after its filing and docketing in violation of the Act. *Id.* at 110-11. The question before the supreme court was when did the 90-day time period start to run: at the time the initial *Shellstrom* admonishment was given or at the time *Shellstrom* was

fully complied with months later. *Id.* The court determined the defendant's motion became a postconviction petition only when defendant received the full *Shellstrom* admonitions. *Id.* at 113.

¶ 15    The *Swamynathan* court stated that, "[i]f a trial court determines that recharacterization is appropriate, the court must take certain steps to insure that the defendant is admonished of the consequences of recharacterization" and then recited the *Shellstrom* procedure. *Id.* at 112 (citing *Shellstrom*, 216 Ill. 2d at 57). It analyzed the Act in light of *Shellstrom* and concluded "that the Act's 90-day rule could not apply to a recharacterized petition until the defendant was fully admonished under *Shellstrom* and recharacterization was fully completed." *Id.* at 113. It found "that any review of a recharacterized petition prior to full *Shellstrom* admonishments would be futile, as it would require the review of claims that are likely to be altered" pursuant to the opportunity to withdraw or amend. *Id.* at 115.

¶ 16    As in the instant case, where defendant styled his filing a motion for a new trial and sought a new trial in his prayer for relief, the filing at issue in *Swamynathan* was a motion usually filed in the original criminal proceedings but instead untimely filed well after the trial court lost jurisdiction over the original conviction 30 days thereafter. See 725 ILCS 5/116-1(b) (West 2016); Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In *Swamynathan*, our supreme court ruled that *Shellstrom* applied to the untimely postplea motion at issue despite it not being a pleading commencing a cognizable action other than a postconviction petition. We conclude that the supreme court in *Swamynathan* ruled that *Shellstrom* admonishments always follow a recharacterization, not just when the cognizable-action proviso applies.[2]

---

[2]This does not include the later-recognized exception that the circuit court does not err when it does not provide *Shellstrom* recharacterization admonishments if it appoints counsel upon the recharacterized petition rather than summarily dismissing it. *People v. Stoffel*, 239 Ill. 2d 314, 328 (2010).

¶ 17    This conclusion is consistent with the *overall* opinions in *Shellstrom* and *Pearson*. Both cases support the circuit court's broad authority to recharacterize filings not citing the Act as petitions under the Act if they raise cognizable claims.

¶ 18    We note that the Second District of this court, in *People v. Corredor*, 399 Ill. App. 3d 804, 808 (2010), was "not persuaded that the supreme court intended the rule in *Shellstrom* to be limited to filings over which the trial court has jurisdiction or, for that matter, ones that are pleadings initiating actions." It remarked that the cognizable-action requirement would unduly limit the remedy for the problem recognized in *Shellstrom*—accidentally losing the right to file an initial petition—because the "risk of accidental loss of claims is likely at its highest when a defendant has filed something that he or she thinks of as a mere motion, for instance, a motion for reduction of sentence that slightly misses the filing deadline." *Id.*

¶ 19    The *Corredor* court found support for its stance in *Swamynathan*, where the recharacterized filing was a defendant's untimely *pro se* motion to withdraw his guilty plea and vacate his sentence. *Corredor* explained,

> "Although the trial court would have lacked jurisdiction over this filing as a motion and although the defendant did not label the filing as a pleading initiating an action, the supreme court nevertheless cited *Shellstrom* for the proposition that '[i]f a trial court determines that recharacterization is appropriate, the court must take certain steps [(the *Shellstrom* admonitions)] to insure that the defendant is admonished of the consequences of recharacterization.' [Citation.] The supreme court did not suggest that the admonitions were unneeded given the nature of the defendant's filing. Admittedly, the State did not raise the applicability of *Shellstrom*. Nevertheless, for the supreme court to say in that

context that recharacterization requires *Shellstrom* admonitions does suggest that the court did not intend to limit the rule to recharacterization of filings that, as initial pleadings, vest the trial court with jurisdiction." *Id.* at 808-09 (quoting *Swamynathan*, 236 Ill. 2d at 112).

¶ 20   Pursuant to *Swamynathan* and *Corredor*, we find that the circuit court erred by not giving the defendant the three-part *Shellstrom* admonishments upon recharacterizing his *pro se* motion as a successive postconviction petition and denying leave to file it as a successive postconviction petition. We remand for further proceedings consistent with this opinion.

¶ 21                                        III. CONCLUSION

¶ 22   Defendant was entitled to the *Shellstrom* admonitions prior to recharacterization of his motion as a postconviction petition. Accordingly, the judgment of the circuit court is vacated and remanded for the circuit court to provide defendant the *Shellstrom* admonishments.

¶ 23   Vacated and remanded with directions.

September 23, 2019

---

**No. 1-16-1428**

---

| | |
|---|---|
| **Cite as:** | *People v. Cook*, 2019 IL App (1st) 161428 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 99-CR-10066; the Hon. Neera L. Walsh, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, and Deepa Punjabi, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg Annette Collins and Joseph Alexander, Assistant State's Attorneys, of counsel), for the People. |

---