2022 IL App (1st) 200994-U

No. 1-20-0994

Order filed May 4, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 17014 |
| | ) | |
| LAMAR WILMINGTON, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1   *Held*: We vacate the denial of defendant's *pro se* pleading and remand for the circuit court to clarify whether it recharacterized defendant's *pro se* pleading as a successive petition for relief under the Post-Conviction Hearing Act.

¶ 2   Defendant Lamar Wilmington appeals from the circuit court's order denying his *pro se* pleading, which he had labeled a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)). Defendant contends that the circuit court recharacterized his pleading as a successive petition for relief pursuant to the Post-

Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) without providing proper admonishments or allowing him to amend or withdraw the pleading. We vacate and remand for the circuit court to clarify whether it recharacterized defendant's pleading as a successive petition under the Act.

¶ 3    Following a jury trial, defendant was convicted of first degree murder and concealing a homicidal death, and sentenced to consecutive prison terms of 50 years and 5 years. His convictions and sentences were ultimately affirmed on direct appeal. See *People v. Wilmington*, 2013 IL 112938; *People v. Wilmington*, 2011 IL App (1st) 072518-B.

¶ 4    In 2013, defendant filed a *pro se* petition for relief under the Act. The circuit court summarily dismissed the petition, and we affirmed. *People v. Wilmington*, 2015 IL App (1st) 132776-U.

¶ 5    In 2014, defendant filed a *pro se* motion for DNA testing of certain evidence. The court ordered the Illinois State Police to complete the tests and compile a report of its findings. In July 2019, defendant's counsel, who was appointed after defendant filed the *pro se* motion, stated he had reviewed the report and asked that the motion "be taken off call."

¶ 6    In 2016, defendant filed a *pro se* motion for leave to file a successive postconviction petition. The circuit court denied the motion, and we affirmed, granting counsel leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). *People v. Wilmington*, No. 1-16-3044 (2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 7    In September 2019, defendant filed another *pro se* motion for DNA testing. The court denied the motion as "frivolous and patently without merit" and barred by *res judicata*. We

affirmed, granting counsel leave to withdraw. *People v. Wilmington*, No. 1-19-2511 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8 In December 2019, defendant filed a second *pro se* motion for leave to file a successive postconviction petition. The circuit court denied the motion because the successive petition was "frivolous and patently without merit." We affirmed, granting counsel leave to withdraw. *People v. Wilmington*, No. 1-20-0750 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9 On March 3, 2020, defendant filed a *pro se* pleading titled "Petition for Relief from Judgment" seeking relief under section 2-1401 of the Code, which is the subject of this appeal. The first page included sections discussing timeliness, *res judicata*, and jurisdiction. Defendant asserted that the judgment against him was void, and alleged: (1) his arrest was unconstitutional; (2) multiple trial errors, including the denial of his right to confrontation; (3) errors in *voir dire*, the jury instructions, and in responding to the jury's questions during deliberation; (4) the State knowingly used false evidence; (5) he was unfit for trial and mentally incapable of committing the charged offenses; and (6) he was legally and actually innocent.

¶ 10 On August 13, 2020, defendant's pleading was considered by the same judge who ruled on his second *pro se* motion for leave to file a successive postconviction petition. Defendant was not in court. The entirety of the transcript from that date reads:

> "[THE STATE]: Next is Lamar Wilmington.
>
> THE COURT: All right. Do we know anything about that?
>
> [THE STATE]: No, that's a PC, Judge. It's an '04 murder.
>
> THE COURT: Do you have a file on this?

I'm reading Lamar Wilmington's pleadings. I just got them.

[THE STATE]: Okay. Are you waiting for me, Judge?

THE COURT: No, I'm reading Lamar Wilmington's pleadings. I just got them.

[THE STATE]: Okay.

THE COURT: All right. I've read Mr. Wilmington's Petition for Relief of Judgment, *res judicata*.

The Court finds it is frivolous and patently without merit.

It's considered and denied.

Off call."

¶ 11    The half-sheet from August 13, 2020, reads:

"Frivolous

Patently w/o merit

Considered and denied

Off call."

¶ 12    The case summary contains a docket entry noting that the court denied defendant's motion for "relief of judgement." The clerk subsequently sent defendant a letter dated August 18, 2020, which advised that, on August 13, 2020, the circuit court "denied your motion for Relief from Judgment (2-1401 Petition) as frivolous and patently without merit."

¶ 13    Defendant now appeals. His only argument is that the circuit court erred by recharacterizing his pleading as a successive postconviction petition under the Act without following the procedures set forth in *People v. Shellstrom*, 216 Ill. 2d 45 (2005), and *People v.*

*Pearson*, 216 Ill. 2d 58 (2005). The State contends that the circuit court did not recharacterize the pleading.

¶ 14    Section 2-1401 of the Code establishes a procedure for vacating a final judgment older than 30 days where the defendant demonstrates a defense or claim that would have precluded the judgment "and diligence in both discovering the defense or claim and presenting the petition." 735 ILCS 5/2-1401 (West 2020); *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). Section 2-1401 applies to both civil and criminal cases, but proceedings under section 2-1401 are governed by the rules of civil practice. *Vincent*, 226 Ill. 2d at 8. In a criminal case, a section 2-1401 petition may be used to correct factual errors that would have prevented judgment if contemporaneously known. *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). However, proceedings under section 2-1401 are not designed to provide a general review of trial errors or be a substitute for direct appeal. *Haynes*, 192 Ill. 2d at 461. Where the State fails to respond to a section 2-1401 petition, the circuit court must determine whether the allegations in the petition entitle the defendant to relief as a matter of law. *Vincent*, 226 Ill. 2d at 9-10.

¶ 15    The Post-Conviction Hearing Act, meanwhile, provides a three-stage mechanism for a criminal defendant to claim a substantial denial of his constitutional rights during the proceedings which resulted in his conviction. 725 ILCS 5/122-1 *et seq.* (West 2020); *People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001). Section 122-2.1(a)(2) of the Act provides that, at the first stage of proceedings under the Act, the court may summarily dismiss a petition if it is "frivolous" or "patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020).

¶ 16    The Act generally contemplates the filing of only one petition, and any claim not asserted therein is waived. 725 ILCS 5/122-1(f) (West 2020); *People v. Allen*, 2019 IL App (1st) 162985,

¶ 29. A defendant may file a successive postconviction petition only after obtaining leave of court. 725 ILCS 5/122-1(f) (West 2020). A defendant may secure leave of court by establishing cause for failing to previously raise the claim and prejudice resulting from that failure, 725 ILCS 5/122-1(f) (West 2020), or by making a colorable claim of actual innocence (*People v. Edwards*, 2012 IL 111711, ¶¶ 22-24).

¶ 17    A court may recharacterize any *pro se* pleading which raises a claim cognizable under the Act as a postconviction petition under the Act. *People v. Cook*, 2019 IL App (1st) 161428, ¶ 9 (citing *Shellstrom*, 216 Ill. 2d at 51-53, and *Pearson*, 216 Ill. 2d at 66-67). However, given the limitations on filing successive petitions under the Act, our supreme court in *Shellstrom* and *Pearson* set out certain procedures a circuit court must follow before recharacterizing a pleading as a postconviction petition in order to ensure that the defendant has the opportunity to comply with the Act. *Cook*, 2019 IL App (1st) 161428 at ¶¶ 10-12 (citing *Shellstrom*, 216 Ill. 2d at 56-58, and *Pearson*, 216 Ill. 2d at 68-69).

¶ 18    Specifically, when recharacterizing a pleading as a successive postconviction petition, the court must (1) notify the defendant that the court intends to recharacterize the pleading, (2) warn the defendant that the pleading will be subject to the restrictions for successive postconviction petitions, and (3) allow the defendant to withdraw the pleading or amend it to contain all factors or arguments relevant to a successive postconviction that the defendant believes he or she has. *Pearson*, 216 Ill. 2d at 68. If the court does not comply with the notice and admonishment requirements, the judgment should be vacated and the cause remanded to provide the defendant with appropriate warnings and the opportunity to amend or withdraw his pleading. *Pearson*, 216 Ill. 2d at 69.

¶ 19    Where the court recharacterizes a pleading, we review *de novo* whether the court followed the *Shellstrom* and *Pearson* procedure. *People v. Corredor*, 399 Ill. App. 3d 804, 806 (2010) (citing *Woods v. Cole*, 181 Ill. 2d 512, 516 (1998)). The initial question in this case, however, is whether recharacterization actually occurred. We conclude that the record does not clearly disclose whether the court recharacterized defendant's pleading as a successive postconviction petition.

¶ 20    Defendant titled his pleading as a "Petition for Relief from Judgment," and requested relief pursuant to section 2-1401 of the Code. Nevertheless, as defendant's pleading included allegations that his constitutional rights had been violated, the circuit court had discretion to recharacterize the pleading as a petition under the Act. See *Cook*, 2019 IL App (1st) 161428, ¶ 9 (noting that circuit court may recharacterize any *pro se* pleading that raises claims cognizable under the Act as a petition under the Act).

¶ 21    The trial court referred to the pleading as a "Petition for Relief of Judgment, *res judicata*," which arguably demonstrates it recognized the pleading was a section 2-1401 petition. However, the court, orally and on the half-sheet, denied the pleading as frivolous and patently without merit, which are the standard words used to summarily dismiss postconviction petitions pursuant to section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2020)). Thus, although the court did not explicitly refer to the pleading as a postconviction petition filed under the Act, it indicated it was denying the pleading based on the standard set forth therein. As our supreme court has noted, summary dismissal under section 122-2.1(a)(2) of the Act is specific to postconviction petitions and is inapplicable to section 2-1401 petitions. See *Vincent*, 226 Ill. 2d at 10-11 (noting it is "incorrect" to equate denial of relief pursuant to section 2-1401 of the Code to summary dismissal under section 122-2.1(a)(2) of the Act). Yet the court here did not evaluate whether the allegations

in the pleading entitled defendant to relief as a matter of law, the standard that applies to evaluating a section 2-1401 petition where the State has not filed a responsive pleading. *Vincent*, 226 Ill. 2d at 9-10.

¶ 22     The State notes that the clerk's letter to defendant referred to defendant's pleading as a "motion for Relief from Judgment (2-1401 Petition)." We further acknowledge that the docket entry in the case summary states the court denied defendant's motion for "relief of judgement." However, neither circumstance proves that the court did not recharacterize defendant's petition.

¶ 23     While a court's oral pronouncement generally controls when the oral pronouncement differs from the court's written order (*People v. Lewis*, 379 Ill. App. 3d 829, 837 (2008)), a written order that is arguably inconsistent with an oral pronouncement will be enforced if consistent with the "intent, sense and meaning" of the oral pronouncement (*People v. Smith*, 242 Ill. App. 3d 399, 402 (1993)). Here, the court's oral pronouncement and half-sheet both indicate that the court evaluated defendant's pleading under the standard applicable to initial postconviction petitions set forth in section 122-2.1(a)(2) of the Act. *Cf. People v. Thompson*, 377 Ill. App. 3d 945, 947-48 (2007) (finding that circuit court did not recharacterize pleading as petition under the Act where court's oral statement referred to pleading as a postconviction petition but the court's written order "clearly acknowledged" that the petition was filed pursuant to section 2-1401); see also *People v. Begay*, 2018 IL App (1st) 150446, ¶ 47 ("A half-sheet is a sheet on which the clerk's office enters chronological notations indicating the procedural events of a case," and may be used as evidence of certain legal events such as whether the defendant waived a jury (internal quotation marks omitted)).

¶ 24 Moreover, given the court's oral pronouncement and half-sheet refer to the standard applicable to postconviction petitions, the record rebuts any presumption that the court evaluated defendant's section 2-1401 petition under the correct standard. See *People v. Jordan*, 218 Ill. 2d 255, 269 (2006) (reviewing court presumes trial judge "knows and follows the law unless the record demonstrates otherwise"). Thus, neither the clerk's letter nor the docket entry on the case summary convince us that the court considered the pleading under section 2-1401 of the Code.

¶ 25 The State further argues that the fact that the court did not apply the cause and prejudice or actual innocence standards applicable to a successive postconviction petition shows that the court did not recharacterize the pleading as a successive postconviction petition. However, the record shows that, in 2019, the same judge denied defendant's motion for leave to file a successive postconviction petition because the petition was "frivolous and patently without merit," which is not only the standard applicable to initial postconviction petitions but the same standard the judge applied here. We are therefore unpersuaded that the circuit court's failure to apply the cause-and-prejudice test or discuss whether defendant stated a colorable claim of actual innocence means that the court did not construe defendant's pleading as a successive postconviction petition.

¶ 26 Given the record before us, we conclude that the appropriate course is to remand for the circuit court to clarify whether it recharacterized defendant's pleading as a petition under the Act, and, if it did, to comply with *Shellstrom* and *Pearson*. We find support in *People v. Stewart*, 2018 IL App (3d) 160408.

¶ 27 In *Stewart*, the defendant filed a *pro se* pleading seeking relief under section 2-1401. *Stewart*, 2018 IL App (3d) 160408 at ¶ 5. On appeal, we found that the circuit court recharacterized the pleading as a successive petition under the Act without complying with *Shellstrom* and

*Pearson*. *Stewart*, 2018 IL App (3d) 160408 at ¶¶ 15-16. The State argued, however, that the circuit court was not required to admonish the defendant regarding the recharacterization, as he requested the court recharacterize his pleading as a successive postconviction petition. *Stewart*, IL App (3d) 160408 at ¶ 17; see also *People v. Thornton*, 2022 IL App (1st) 170677-B, ¶ 17 (*Shellstrom* admonishments not required when defendant requests recharacterization). We found that the record did not allow us to conclude that the circuit court recharacterized the pleading at defendant's request, which would have made admonishments unnecessary, and thus remanded. *Stewart*, 2018 IL App (3d) 160408, ¶¶ 18-22. Here, where the court indicated that it evaluated defendant's pleading under the standard for summary dismissals under the Act, the record similarly does not disclose that there was no need for the circuit court to provide *Shellstrom* and *Pearson* admonitions.

¶ 28    Thus, we remand for the circuit court to clarify whether it recharacterized defendant's *pro se* pleading as a petition for relief under the Act, and, if so, to follow the procedure set forth in *Shellstrom* and *Pearson*.

¶ 29    For the foregoing reasons, we vacate the judgment of the circuit court of Cook County and remand for proceedings consistent with this order.

¶ 30    Vacated and remanded.