2024 IL App (1st) 231207-U

No. 1-23-1207

Order filed July 12, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 4232 |
| | ) | |
| KIJEL GRANT, | ) | Honorable |
| | ) | Aleksandra Nikolich Gillespie, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We vacate the denial of defendant's *pro se* pleading and remand to the circuit court for the court to clarify whether the court recharacterized the pleading as a petition for relief under the Post-Conviction Hearing Act.

¶ 2    Defendant Kijel Grant appeals from the circuit court's order denying his *pro se* pleading, which he labeled as a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). On appeal, defendant contends that the circuit court erred when it recharacterized the pleading as a petition for relief pursuant to the Post-

Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)), without providing the proper admonishments or allowing him to amend or withdraw the pleading. In the alternative, he contends that the court erred in denying him relief because the statute under which he was convicted violates the second amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We vacate and remand to the circuit court for the court to clarify whether it recharacterized defendant's pleading and, if so, for the court to admonish defendant accordingly.

¶ 3    On June 21, 2022, defendant entered a plea of guilty to aggravated unlawful use of a weapon (AUUW) in that, while in a vehicle, he possessed a firearm that was uncased, loaded, and immediately accessible and, at that time, he did not possess a valid concealed carry license (CCL), and was sentenced to one year in prison. See 720 ILCS 5/24-1.6(a)(1), (a)(3)(a-5) (West 2020).[1] Defendant did not file a motion to withdraw the plea or a direct appeal

¶ 4    On March 21, 2023, defendant filed a *pro se* pleading titled "Petition for Relief from Judgment" seeking relief under section 2-1401 of the Code, which is the subject of this appeal. Defendant asserted that the judgment against him was void and relied on *People v. Aguilar*, 2013 IL 112116, to argue that his AUUW conviction was facially unconstitutional and violated the second amendment. A preprinted form titled "Notification of Motion," also filed-stamped March

---

[1] Defendant was charged with three counts of AUUW. The sentencing order reflects that defendant was convicted on count I and that AUUW counts II and III were nol prossed. Count I alleged that, while in a vehicle, defendant possessed a firearm that was uncased, loaded, and immediately accessible and, at that time, he did not possess a valid CCL and Firearm Owners Identification (FOID) card. See 720 ILCS 5/24-1.6(a)(1), (a)(3)(a-5), (a)(3)(C) (West 2020). However, the report of proceedings from the plea hearing reveals that, when admonishing defendant regarding the charge to which he then pleaded guilty, the trial court explained that he was charged with AUUW in that, while in a vehicle, he possessed a firearm that was uncased, loaded, and immediately accessible and, at that time, did not possess a valid CCL, which was count II of the indictment.

21, 2023, bears a handwritten checkmark in the box labeled "Petition for relief of judgment." The circuit court's "Case Summary" entry for March 21, 2023, states "Post-Conviction Filed."

¶ 5    On May 2, 2023, the circuit court held a hearing on defendant's pleading. Defendant was not present. During the hearing, the following exchange took place:

"THE COURT: Oh, here it is. *** It's a PC under *Aguilar* motion, but it's a '21 case so I am not quite sure how *Aguilar*—Do you know offhand the years that *Aguilar* applies?

[THE STATE]: It is in the ballpark of 2014. I think the law was changed.

THE COURT: This is a 2021 occurrence date. It's going to be denied based on that."

¶ 6    The "Criminal Disposition Sheet" from May 2, 2023, states "PC," "*Aguilar* Motion," and "denied."

¶ 7    On appeal, defendant contends that the circuit court erred by recharacterizing his *pro se* pleading as a postconviction petition under the Act without following the procedures set forth in *People v. Shellstrom*, 216 Ill. 2d 45 (2005). The State responds that no admonishments were required because the circuit court did not recharacterize the pleading.

¶ 8    Section 2-1401 and the Act provide different avenues through which a defendant may collaterally challenge his or her conviction. See *People v. Vincent*, 226 Ill. 2d 1, 6 (2007) (the Act "provides collateral relief from criminal convictions" and section 2-1401 of the Code offers "an entirely different form of statutory, collateral relief"). Moreover, these avenues are reviewed differently. *Id.* As our supreme court explained:

"a section 2-1401 petition differs from a postconviction petition. A postconviction petition requires the court to decide whether the defendant's constitutional rights were violated at trial ***; a section 2-1401 petition, on the other hand, requires the court to determine whether facts exist that were unknown to the court at the time of trial and would have prevented entry of the judgment." *People v. Pinkonsly*, 207 Ill. 2d 555, 566 (2003).

¶ 9     "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. Proceedings under section 2-1401 are subject to the rules of civil practice, where "there is no such thing as a 'summary dismissal' " and the circuit court "may, on its own motion, dispose of a [petition for relief from judgment] when it is clear on its face that the requesting party is not entitled to relief as a matter of law." See *id.* at 6, 12.

¶ 10    The Act, on the other hand, provides a three-stage mechanism for a defendant to claim a substantial denial of his constitutional rights during the proceedings which resulted in his conviction. 725 ILCS 5/122-1 *et seq*. (West 2022). At the first stage of proceedings under the Act, the court shall summarily dismiss a petition if it is frivolous or patently without merit in a written order, "specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2022).

¶ 11    The circuit court may recharacterize any *pro se* pleading which raises a claim cognizable under the Act as a petition for relief pursuant to the Act, even when the pleading is "labeled as something else." *People v. Cook*, 2019 IL App (1st) 161428, ¶ 9. However, the Act permits the filing of one only postconviction petition without leave of court. See 725 ILCS 5/122-1(f) (West

2022). Pursuant to the Act, "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2022). Accordingly, when the circuit court recharacterizes a filing as an initial postconviction petition, any claims that could have been raised in that petition, but were not, cannot then be raised in a subsequent proceeding under the Act. See *People v. Montanez*, 2023 IL 128740, ¶ 74 ("in the context of a successive postconviction petition, the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute").

¶ 12    Our supreme court has therefore outlined procedures that a court must follow before recharacterizing a pleading as a postconviction petition in order to ensure that a defendant has the opportunity to comply with the Act. *Cook*, 2019 IL App (1st) 161428, ¶¶ 10-12. When those procedures are not complied with, the judgment should be vacated and the cause remanded to provide the defendant with appropriate warnings and the opportunity to amend or withdraw his pleading. *Shellstrom*, 216 Ill. 2d at 57-58. We review *de novo* whether the circuit court used the proper *Shellstrom* procedures. *People v. Corredor*, 399 Ill. App. 3d 804, 806 (2010).

¶ 13    The initial question in this case is whether recharacterization actually occurred. We conclude that the record does not clearly disclose whether the court recharacterized defendant's *pro se* pleading as a postconviction petition.

¶ 14    Here, defendant's pleading was titled as a "Petition for Relief from Judgment," and requested relief pursuant to section 2-1401 of the Code. However, the circuit court's "Case Summary" entry for March 21, 2023, the date that the pleading was filed, states "Post-Conviction Filed." At the hearing on the pleading, the court referred to it as "a PC under *Aguilar* motion" and the Criminal Disposition Sheet from that date stated, "PC," "*Aguilar* Motion," and "denied."

Moreover, the May 2, 2023, report of proceedings and Criminal Disposition Sheet do not mention a petition for relief from judgment or section 2-1401 of the Code; rather, both refer to the pleading as a "PC." See *People v. Begay*, 2018 IL App (1st) 150446, ¶ 47 (the half-sheet or " 'docket' " is where the clerk's office enters chronological notations detailing the procedural events in the case and "may be relied on as some evidence of certain legal events").

¶ 15    The State asserts that this court should presume that the circuit court knew the law and applied it properly. However, the court's oral pronouncement that the pleading was a "PC," and the Criminal Disposition Sheet's notation that a "PC" was denied, without any mention of section 2-1401, rebuts any presumption that the filing was evaluated as a petition for relief from judgment pursuant to section 2-1401 of the Code. See *People v. Jordan*, 218 Ill. 2d 255, 269 (2006) (reviewing court presumes trial court "knows and follows the law unless the record demonstrates otherwise").

¶ 16    Nevertheless, a section 2-1401 petition is in fact a postconviction collateral challenge, albeit not one filed under the Act. Thus, absent any express discussion on the record as to which statute the court applied, and without the details of the court's reasoning in ruling as it did, the record does not disclose whether recharacterization of defendant's pleading citing section 2-1401 occurred. In other words, although the court referred to the pleading as a "PC," the record does not reveal whether the court recharacterized the petition as a postconviction petition and denied defendant relief under the Act or whether the court simply used an acronym, "PC," to refer to a pleading filed after defendant's conviction and denied defendant relief under section 2-1401 of the Code.

¶ 17    Given the record in this case, the appropriate course of action is to remand this cause to the circuit court so that the court can clarify whether it recharacterized defendant's pleading as a petition for relief under the Act, and if it did so, to admonish defendant in compliance with *Shellstrom*. See *People v. Wilmington*, 2022 IL App (1st) 200994-U, ¶¶ 26-28 (when the record did not disclose there was "no need" to provide "admonitions," the cause was remanded to the circuit court so that the court could clarify whether it recharacterized the pleading, and, if so, to properly admonish the defendant).[2]

¶ 18    In light of this conclusion, we do not reach defendant's alternative argument. Generally, courts of review refrain from addressing constitutional questions unless essential to the disposition of the appeal. See, *e.g.*, *People v. White*, 2011 IL 109689, ¶ 144.

¶ 19    For the foregoing reasons, we vacate the judgment of the circuit court of Cook County and remand for proceedings consistent with this order.

¶ 20    Vacated and remanded.

---

[2]Although nonprecedential, orders filed under Supreme Court Rule 23(b) on or after January 1, 2021, may be cited as persuasive authority. Ill. S. Ct. R. 23(b), (e)(1) (eff. Feb. 1, 2023).