(No. 97832.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DEON L. PEARSON, Appellee.

*Opinion filed July 21, 2005.*

Lisa M. Madigan, Attorney General, of Springfield, and Paul A. Logli, State's Attorney, of Rockford (Gary Feinerman, Solicitor General, Linda D. Woloshin, Gary K. Chan and Michael M. Glick, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, Martin P. Moltz and Diane L. Campbell, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Paul J. Glaser and Paul Alexander Rogers, Assistant Defenders, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Deon L. Pearson, filed a petition in the circuit court of Winnebago County for relief from judgment, pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)). The circuit court summarily dismissed the petition, finding that it was a successive petition for postconviction relief (725 ILCS 5/122—1 *et seq.* (West 2000)). The appellate court reversed and remanded for further proceedings. 345 Ill. App. 3d 191. We granted the State's petition for leave to appeal (177 Ill. 2d R. 315(a)). For the reasons that follow,

we affirm the judgment of the appellate court on different grounds.

## BACKGROUND

On June 6, 1994, defendant pled guilty to a charge of first degree murder (720 ILCS 5/9—1(a)(2) (West Supp. 1993)). As part of the plea bargain, the State recommended that the circuit court cap defendant's prison sentence at 40 years. The court admonished defendant of his rights and received a stipulation as to the factual basis for defendant's plea. The court also informed defendant of the possible sentencing range for the offense. However, the court failed to inform defendant that his sentence would be followed by a three-year period of mandatory supervised release. See 730 ILCS 5/5—8—1(d)(1) (West Supp. 1993). At subsequent hearings, the court sentenced defendant to 34 years of imprisonment, and denied defendant's motion for reconsideration of sentencing.

On direct appeal, defendant argued that the circuit court abused its discretion in imposing sentence. Defendant maintained that the circuit court failed to give adequate weight to the substantial mitigation evidence, and, instead, relied on an aggravating factor which was implicit in the definition of the offense. The appellate court affirmed defendant's sentence. *People v. Pearson*, 283 Ill. App. 3d 1117 (1996) (unpublished order under Supreme Court Rule 23).

In September 1997, defendant filed a "Petition for Post-Conviction Relief and as an Alternative for Time Cut." Defendant argued that the circuit court failed to consider his rehabilitative potential in imposing sentence. Defendant also argued that his sentence was not in line with the sentences imposed in other cases of homicide, and his sentence constituted cruel and unusual punishment. On October 15, 1997, the court appointed the public defender's office to represent defendant. At a status hearing two weeks later, the following occurred:

"[Public Defender]: I was just appointed on the post-conviction relief petition recently and haven't had a chance to speak with Mr. Pearson in the Department of Corrections.

[State's Attorney]: I don't have a copy of any kind of post-conviction petition.

[Public Defender]: It appears there was one filed in September, Your Honor.

THE COURT: I see one. You don't have a copy?

[State's Attorney]: No.

[Public Defender]: I have a copy, Your Honor.

THE COURT: Okay. You will furnish the State with a copy?

[Public Defender]: Certainly.

THE COURT: How much time do you want? The next status is November 12. I guess that's not enough time. Two weeks after that would be Thanksgiving Day, so we have to go to December, if you don't mind.

[Public Defender]: No Your Honor.

THE COURT: Can you be here on status December 10 at 9 o'clock.

[State's Attorney]: That's on defendant's motion.

THE COURT: Yes.

[State's Attorney]: Thank you."

Although the status hearing was set for December 10, 1997, the docket contains the following entry for November 12, 1997:

"No parties appear. Cause comes on as to Deft's Post Conviction Petition. Said Petition heard and denied. Motion for Time Cut denied. Clerk to notify Deft."

The court record does not contain either a written order dismissing defendant's petition or a report of proceedings for November 12, 1997. Also, the record does not indicate that there were any proceedings on December 10, 1997.

In August 2002, defendant filed a petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2000)). In the 2002 petition, defendant complained that the circuit court did not properly admonish him regard-

ing his sentence. In particular, defendant maintained the court failed to inform him that his sentence of 34 years would be followed by a three-year period of mandatory supervised release. Defendant argued, *inter alia*, that the court failed to comply with the requirements of Supreme Court Rule 402 (134 Ill. 2d R. 402); that in the absence of appropriate admonishments he could not be said to have intelligently and voluntarily entered his plea of guilty; and that the sentence he received exceeded the maximum possible sentence that the court advised him he would receive, in violation of due process. Defendant requested that the court reduce his sentence by three years so as to conform to the court's admonishments on sentencing.

On September 12, 2002, a different trial judge considered and summarily dismissed defendant's 2002 petition:

"The court has read the Petition for Relief from Judgment filed under 735 ILCS 5/1401, et seq., and finds that it is in the nature of a Petition for Post Conviction Relief under the Criminal Code of procedure. The court finds that defendant is precluded from filing a second petition for post-conviction relief. In 1997 he filed a petition for post-conviction relief and that was heard and denied. Further, the court finds that the Petition herein is patently without merit, as the issue of whether a failure to advise defendant of the fact that he would be subject to a period of mandatory supervised relief, deprived him of a knowing and voluntary waiver of rights to trial and pleas of guilty was waived by defendant by failing to file a motion to withdraw his plea of guilty and consequent failure to raise said issue at the Appellate Court when he appealed herein.

Further, it is without merit because defendant is petitioning for a reduction in sentence as his prayer for relief. Said relief is not the kind of post-conviction relief that a trial court may grant.

Further, the alleged failure to advise regarding the 3 year mandatory supervision release and the consequent imposition of the sentence of 34 years did not exceed the

maximum sentence authorized by law to which defendant was advised he could receive upon his plea, 60 years. Nor did it exceed the sentencing cap agreed upon by defendant and the State, 40 years.

IT IS, THEREFORE, ORDERED that defendant's Petition for Relief from Judgment be and is hereby denied. A copy of this Order shall be sent to defendant by certified mail pursuant to 725 ILCS 5/122—2.1(a)(2)."

Defendant filed a notice of appeal on October 4, 2002. Defendant argued that his sentence was void because it did not conform to statutory requirements. Defendant also maintained that the circuit court erred in construing his 2002 petition as a petition for postconviction relief and dismissing the petition.

On October 3, 2002, the circuit court held a hearing on defendant's 1997 petition for postconviction relief and as an alternative petition for "time cut." The public defender's office requested, and was granted, a brief extension of time to determine whether defendant still sought relief as outlined in the petition. On November 7, 2002, counsel informed defendant that the 1997 petition had "disappeared from our court docket for a period of several years. The Clerk of Courts recently placed this matter on *** status call." The public defender suggested that defendant withdraw the petition because it was not timely when filed in 1997; the appellate court had "ruled" on defendant's motion to reduce sentence; and the circuit court did not have the power to grant defendant's request. In response, defendant requested that the court appoint new counsel to represent him because of present counsel's "unwillingness to be a true advocate." Defendant noted that the role of counsel in a postconviction proceeding is to correct and amend the *pro se* petition. At a hearing on January 13, 2003, the court denied defendant's request as moot. The court stated that it had already appointed the office of the appellate defender to represent defendant on appeal.

On January 21, 2003, defendant filed an "Amended Petition for Post-Conviction Relief or in the Alternative for Sentence Reduction." On January 30, 2003, yet another judge of the circuit court considered the amended petition for postconviction relief. The court reviewed the memorandum of decision issued upon the summary dismissal of the 2002 petition, and indicated that it was striking and dismissing the amended petition for post-conviction relief "on the same grounds." Defendant appealed the dismissal of the amended postconviction petition and the appellate court consolidated the appeal with defendant's appeal from the order dismissing the 2002 petition.

On appeal, the court affirmed the dismissal of the amended petition for postconviction relief because defendant failed to present argument for reversal of the circuit court's order. 345 Ill. App. 3d at 193. Turning to the dismissal of the 2002 petition, the appellate court noted that summary dismissal of a petition is a procedure available under the Post-Conviction Hearing Act. 345 Ill. App. 3d at 193. The Code of Civil Procedure, however, does not provide for summary dismissal of a complaint or petition. 345 Ill. App. 3d at 193. The court reasoned:

"The process of judicial review of a petition under the [Post-Conviction Hearing] Act—without comment by either party—is a significant and unusual departure from the adversary process. The legislature has mandated that departure in the specific context of the Act. We see no possible basis for importing such an unusual procedure into matters governed by the Code of Civil Procedure." 345 Ill. App. 3d at 194.

The court reversed and remanded for further proceedings. 345 Ill. App. 3d at 199.

We granted the State leave to appeal. 177 Ill. 2d R. 315. We now affirm the judgment of the appellate court for different reasons.

## ANALYSIS

In this court, defendant notes that his pleading was

clearly labeled as a petition for relief from judgment pursuant to section 2—1401 of the Code (735 ILCS 5/2—1401 (West 2000)). Defendant also notes that he filed a petition for postconviction relief in 1997, and presumably understood the difference between a section 2—1401 petition and one filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)). Defendant maintains that he should have been considered "master" of his claim and the circuit court should not have overridden his choice of a procedural vehicle by which to seek relief. We disagree.

In *People v. Shellstrom*, 216 Ill. 2d 45 (2005), this court considered whether a defendant's *pro se* pleading, which specifically invoked the *mandamus* statute (735 ILCS 5/14—101 *et seq.* (West 2002)), could be considered a postconviction petition. Initially we noted that, under established precedent, where a *pro se* pleading alleges a deprivation of constitutional rights cognizable under the Act, a trial court may treat the pleading as a postconviction petition. *Shellstrom*, 216 Ill. 2d at 51. We also noted that, contrary to the defendant's argument, recharacterization of a pleading as a postconviction petition is allowed where the *pro se* pleading is labeled differently. *Shellstrom*, 216 Ill. 2d at 51. We reasoned the same lack of legal knowledge which causes a *pro se* defendant to draft an inadequate postconviction petition might result in the defendant selecting the wrong method of collaterally attacking his conviction. *Shellstrom*, 216 Ill. 2d at 51, quoting *People ex rel. Palmer v. Twomey*, 53 Ill. 2d 479, 484 (1973). Thus, the salutary purpose of the Act is achieved if the circuit court, upon finding that a *pro se* petition, however labeled, alleged violations of rights cognizable in a postconviction proceeding, would thereafter treat it as such. *Shellstrom*, 216 Ill. 2d at 51, quoting *Palmer*, 53 Ill. 2d at 484.

Having determined that a trial court may treat a *pro*

*se* pleading as a postconviction petition, even where the pleading is labeled differently, we considered in *Shellstrom* whether it was proper to recharacterize the defendant's pleading and dismiss it summarily. We noted that the Act allows the filing of only one postconviction petition without leave of court. For a subsequent filing, the petitioner must demonstrate cause for the failure to bring a claim in the initial postconviction proceeding and prejudice resulting from that failure. *Shellstrom*, 216 Ill. 2d at 56. In light of the obstacles associated with a successive postconviction petition, we ruled that a trial court must give a *pro se* petitioner notice before recharacterizing a pleading as a first postconviction petition:

> "Pursuant to our supervisory authority, we hold that, in the future, when a circuit court is recharacterizing as a first postconviction petition a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has. If the court fails to do so, the pleading cannot be considered to have become a postconviction petition for purposes of applying to later pleadings the Act's restrictions on successive postconviction petitions." *Shellstrom*, 216 Ill. 2d at 57.

See also *Castro v. United States*, 540 U.S. 375, 157 L. Ed. 2d 778, 124 S. Ct. 786 (2003). We remanded in *Shellstrom* for further proceedings because, prior to recharacterizing his pleading, the trial court had not given the defendant an opportunity to withdraw the pleading or to amend it to include whatever additional postconviction claims the defendant thought fit. *Shellstrom*, 216 Ill. 2d at 57-58.

In the case at bar, the circuit court recharacterized defendant's 2002 petition as a postconviction petition and dismissed it summarily. Although the circuit court recharacterized the 2002 petition as a second, not a first, postconviction petition, the rationale of *Shellstrom* applies. The 2002 petition that was recharacterized into a second postconviction petition presented only those arguments that defendant had chosen to include before realizing that he was, in effect, filing a successive postconviction petition. See *Shellstrom*, 216 Ill. 2d at 57-58. Defendant did not know to include additional factors that might have shown an impediment in his ability to raise a claim during the initial postconviction proceedings. Nor did defendant know to demonstrate that the claims not raised during his initial postconviction proceedings were such that the resulting conviction or sentence violated due process. See 725 ILCS 5/122—1(f) (West Supp. 2003). The circuit court subjected the 2002 petition to the rigorous standards of a successive postconviction petition without giving defendant notice and an opportunity to either withdraw the pleading or amend it to comply with the restrictions on a successive petition.

As in *Shellstrom*, we hold that prior to recharacterizing as a successive postconviction petition a pleading that a *pro se* litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that the petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the factors and arguments appropriate to a successive postconviction petition that the litigant believes he or she has.

In light of the record before us, we conclude that defendant has received part 1 of the notice and admonish-

ment necessary for recharacterization. Defendant is aware that the circuit court intends to recharacterize his section 2—1401 petition as a successive postconviction petition. However, defendant has not been warned that the recharacterization means that the petition will be subject to the restrictions on successive postconviction petition, and defendant has not been given an opportunity to withdraw his pleading or to amend it to include the factors and arguments that are appropriate to a successive postconviction petition. Accordingly, we vacate the circuit court's judgment summarily dismissing defendant's section 2—1401 petition and we direct the circuit court, on remand, to provide the appropriate warning and an opportunity to withdraw or amend the pleading.

On remand, we also instruct the circuit court to consider the appropriate classification for the section 2—1401 petition in light of the seeming improprieties in the rulings on defendant's first postconviction petition and amended postconviction petition. From the record, it appears that the circuit court appointed counsel for defendant and gave counsel time to talk with defendant to determine the claims to pursue, and, presumably, file an amended postconviction petition. The court scheduled a status hearing for December 10, 1997. However, no court proceedings took place on December 10, 1997. Instead, a docket entry in the record indicates that the court dismissed the petition on November 12, 1997, with no parties present. The record does not contain a summary dismissal order as required by section 122—2.1 of the Act (725 ILCS 5/122—2.1 (West 1996)), specifying the findings of fact and conclusions of law the court made in reaching its decision.

If the docket entry correctly reflects that the circuit court summarily dismissed the postconviction petition on November 12, 1997, such dismissal was improper given

the appointment of counsel and the previously scheduled status hearing. The Act does not authorize appointment of counsel at the first stage of the proceedings for a petitioner who is not under a sentence of death. See 725 ILCS 5/122—2.1 (West 1996); *People v. Rivera*, 198 Ill. 2d 364, 369 (2001). The record would indicate that the circuit court moved the proceedings to the second stage but then summarily dismissed the petition as in the first stage of a postconviction proceeding.

Also, the circuit court informed the parties that the next court date, set for status hearing, would be December 10, 1997. Understandably, neither the State nor the defense appeared before the court on November 12, 1997. In *People v. Bounds*, 182 Ill. 2d 1 (1998), this court found a violation of due process where the trial court ruled on the merits of a postconviction petition without prior notice:

> "A trial court's discretion in resolving post-conviction petitions does not allow the court to convert a status call to a hearing on the merits without notice to the parties. The scheduled hearing in the case was for a status report only. There was no notice to defendant's counsel that defendant's post-conviction petition would be ruled upon. The procedure followed thus violated defendant's right to procedural due process under the Illinois Constitution. Ill. Const. 1970, art. I, § 2." *Bounds*, 182 Ill. 2d at 5.

As in *Bounds*, defendant could properly rely on the circuit court's instruction that the next court date would be for status hearing on December 10, 1997.

Subsequent proceedings on the 1997 postconviction petition would seem to indicate, however, that the circuit court did not dismiss the petition on November 12, 1997. The circuit court held status hearings in the postconviction proceedings on October 3, 2002, October 24, 2002, December 5, 2002, and January 16, 2003. On January 21, 2003, defendant filed his "Amended Petition for Postconviction Relief or in the Alternative for Sentence Reduction," clearly intending to amend the 1997 post-

conviction petition. The circuit court, however, struck and summarily dismissed the pleading "on the same grounds" as it had dismissed the 2002 petition, that is, as a meritless, successive postconviction petition. Thus, it appears that, although the circuit court may never have dismissed the 1997 postconviction petition, the court summarily dismissed both the 2002 petition and the amended postconviction petition as successive post-conviction petitions. Moreover, the circuit court could not summarily dismiss the postconviction proceedings in 2003 in light of the fact that more than 90 days had elapsed since the initiation of the proceedings. See 725 ILCS 5/122—2.1 (West 1996). The proceedings were at the second stage, not the first stage, of a postconviction proceeding.

The circuit court either committed error in sum-marily dismissing the 1997 petition as indicated in the docket entry for November 12, 1997, or in summarily dismissing the postconviction proceedings at the second stage. The court should reconsider its classification of the 2002 petition in light of its rulings on the postconvic-tion proceedings.

## CONCLUSION

For the aforementioned reasons, we affirm the judg-ment of the appellate court. We vacate the judgment of the circuit court, and remand the cause to the circuit court with instructions to reconsider its classification of the 2002 petition and to afford defendant an opportunity to withdraw his *pro se* pleading or, in the alternative, to amend it.

*Appellate court judgment affirmed;*
*circuit court judgment vacated;*
*cause remanded with directions.*