Nos. 2-08-0683 & 2-08-0684 cons.     Filed: 4-5-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05--CF--509 |
| JUAN CORREDOR, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--1456 |
| JUAN CORREDOR, | ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the opinion of the court:

Defendant, Juan Corredor, appeals from an order recharacterizing his motion for an order nunc pro tunc as a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2008)) and dismissing it. He contends that the court erred in recharacterizing the motion without first giving him the admonitions required under People v. Shellstrom, 216 Ill. 2d 45 (2005). We agree; accordingly, we vacate the dismissal and remand the matter for Shellstrom admonitions.

## I. BACKGROUND

In case No. 05--CF--509, on March 24, 2005, a grand jury indicted defendant on three counts of aggravated criminal sexual abuse (720 ILCS 5/12--16(c)(1)(i) (West 1998)). On May 18, 2006, a grand jury indicted him on three counts of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 1998)). On August 30, 2007, defendant pleaded guilty to the three aggravated-criminal-sexual-abuse counts. On September 27, 2007, the court sentenced him to five years' imprisonment, consecutive to his sentence in case No. 06--CF--1456.

In case No. 06--CF--1456, on June 8, 2006, a grand jury indicted defendant on three counts of harassment of a witness (720 ILCS 5/32--4a(a)(2) (West 2006)). The charges stemmed from defendant's contacts with witnesses in case No. 05--CF--509. On August 30, 2007, the same day that defendant entered his plea in the other case, he entered a guilty plea to one count here. The court sentenced him to three years' imprisonment on September 27, 2007, the same day that the court sentenced him in the other case. Defendant filed a late pro se motion for reconsideration of his sentence. The court ruled that it lacked jurisdiction and denied it.

On May 28, 2008, defendant filed a "Motion for Order Nunc pro Tunc" using a preprinted form and referencing both cases. He asserted that he was entitled to 501 days' credit for time served in each case. A handwritten portion of the motion alleged that the court had told him that he would receive credit against each sentence and that the Department of Corrections was not calculating his sentences accordingly. On June 17, 2008, the court entered an order stating that defendant's motion was "treated as a postconviction motion [sic]" and dismissed. On July 22, 2008, defendant filed a notice of appeal.

Defendant later moved in this court for leave to file a late notice of appeal, a motion that this court granted. He now argues that the rule in Shellstrom required the trial court to notify him that it intended to recharacterize the pleading, warn him that the recharacterization would mean that any subsequent postconviction petition would be subject to the restrictions on successive postconviction petitions, and allow him to either withdraw the pleading or amend it. The State argues that Shellstrom applies only to actions cognizable under Illinois law and that defendant's motion was not such an action. Defendant has not argued here that the court's recharacterization of his motion was an abuse of discretion.

## II. ANALYSIS

We hold that the rule in Shellstrom mandated the admonitions under these circumstances. We review de novo the question of whether the trial court has used the proper procedure. See Woods v. Cole, 181 Ill. 2d 512, 516 (1998).

We start by examining the supreme court's reasoning in Shellstrom. The relevant part of that decision opens with a discussion of a decision, Castro v. United States, 540 U.S. 375, 157 L. Ed. 2d 778, 124 S. Ct. 786 (2003), that dealt with restrictions on prisoners' rights to file multiple federal habeas corpus motions. In Castro, the defendant filed something that he labeled a Rule 33 (Fed. R. Crim. P. 33) motion for a new trial. Castro, 540 U.S. at 378, 157 L. Ed. 2d at 784, 124 S. Ct. at 789. The district court treated it in part as a motion for habeas corpus relief under section 2255 of Title 28 of the United States Code (28 U.S.C. §2255 (2000)). Castro, 540 U.S. at 378, 157 L. Ed. 2d at 784, 124 S. Ct. at 789. When the defendant later filed something that he labeled as a motion for habeas corpus relief, the district court dismissed it for failure to meet the requirements for a successive habeas corpus motion. Castro, 540 U.S. at 378-79, 157 L. Ed. 2d at 785, 124 S. Ct. at

790. The Supreme Court, recognizing the unfairness of the result, created a rule that became the model for the Shellstrom rule:

"[A restriction must apply] when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. *** [T]he district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Castro, 540 U.S. at 383, 157 L. Ed. 2d at 787, 124 S. Ct. at 792.

In Shellstrom, the defendant filed a " 'Motion to Reduce Sentence, Alternatively, Petition for Writ of Mandamus to Order Strict Compliance with Terms of Guilty Plea,' " which the trial court recharacterized as a petition under the Act. Shellstrom, 216 Ill. 2d at 47. The issue on appeal was whether the defendant was entitled to admonitions similar to those in Castro. The State suggested that Castro was inapposite, arguing that Illinois's restrictions on successive postconviction petitions are less onerous than the federal restrictions on successive section 2255 motions. Shellstrom, 216 Ill. 2d at 55. The court rejected that argument, holding that the cause-and-prejudice test for the filing of a successive postconviction petition is similarly onerous. Shellstrom, 216 Ill. 2d at 55-56. Further, it expressed its concern that the loss of the opportunity to knowingly file an initial petition was unfair:

"Under the summary procedure urged by the State, a circuit court in Illinois could summarily recharacterize as a first postconviction petition a pro se litigant's pleading that was labeled differently. The litigant would not be given notice or an opportunity to respond. As

a result, the pleading that was transformed into the litigant's first postconviction petition would present only those arguments that the litigant had chosen to include before realizing that he was, in effect, filing a postconviction petition. Any additional arguments that the litigant might have included in a first postconviction petition would be barred from successive petitions unless the litigant could demonstrate cause for failing to bring them and prejudice resulting from that failure.

We find this prospect as troubling as did the Supreme Court in Castro when faced with a similar circumstance regarding § 2255 motions." (Emphasis in original.) Shellstrom, 216 Ill. 2d at 56-57.

The court therefore created a requirement similar to that created in Castro:

"Pursuant to our supervisory authority, we hold that, in the future, when a circuit court is recharacterizing as a first postconviction petition a pleading that a pro se litigant has labeled as a different action cognizable under Illinois law, the circuit court must (1) notify the pro se litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has. If the court fails to do so, the pleading cannot be considered to have become a postconviction petition for purposes of applying to later pleadings the Act's restrictions on successive postconviction petitions." (Emphases added.) Shellstrom, 216 Ill. 2d at 57.

The State argues that, because defendant's motion was not a cognizable action, this rule is inapplicable. The State asserts that, if the trial court lacks jurisdiction over a filing as the filer characterized it, that filing is not cognizable, and the trial court can recharacterize it to create jurisdiction without needing to give the Shellstrom admonitions. It argues that the trial court lacked jurisdiction to consider defendant's motion as he characterized it here.

The obvious problem with the State's argument is that the trial court did have jurisdiction to consider defendant's motion as he characterized it. The court retains jurisdiction to conform the record to the judgment actually entered. See People v. Flowers, 208 Ill. 2d 291, 306-07 (2003) ("The only continuing power the circuit court possessed over the case [after the passage of 30 days from the final judgment] was limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conformed to the judgment actually rendered"). One method by which such correction is sought is a motion for an order nunc pro tunc. E.g., Phillips v. Gannotti, 327 Ill. App. 3d 512, 517-18 (2002). Another is a motion to correct the mittimus. People v. O'Neill, 367 Ill. App. 3d 439, 440 (2006). By entitling his filing a "Motion for Order Nunc pro Tunc" and by referring to an alleged discrepancy between the court's expressed intentions and the result, defendant plainly invoked this limited continuing jurisdiction.

Beyond that problem with the State's argument, we are not persuaded that the supreme court intended the rule in Shellstrom to be limited to filings over which the trial court has jurisdiction or, for that matter, ones that are pleadings initiating actions. We doubt that the supreme court intended a glaring mismatch between the problem it recognized--accidental loss of the right to file an initial petition--and a remedy that would protect only those who happened to file initial pleadings. The risk of accidental loss of claims is likely at its highest when a defendant has filed something that he or

she thinks of as a mere motion, for instance, a motion for reduction of sentence that slightly misses the filing deadline.

We note that, in People v. Swamynathan, 236 Ill. 2d 103 (2010), the supreme court addressed the issue of when a recharacterized filing becomes a petition under the Act as that question relates to the trial court's deadline for dismissing a petition under the Act. The recharacterized filing was a pro se motion to withdraw a guilty plea and vacate the sentence; the defendant filed the motion almost two years after his sentencing. Swamynathan, 236 Ill. 2d at 106. Although the trial court would have lacked jurisdiction over this filing as a motion and although the defendant did not label the filing as a pleading initiating an action, the supreme court nevertheless cited Shellstrom for the proposition that "[i]f a trial court determines that recharacterization is appropriate, the court must take certain steps [(the Shellstrom admonitions)] to insure that the defendant is admonished of the consequences of recharacterization." Swamynathan, 236 Ill. 2d at 112. The supreme court did not suggest that the admonitions were unneeded given the nature of the defendant's filing. Admittedly, the State did not raise the applicability of Shellstrom. Nevertheless, for the supreme court to say in that context that recharacterization requires Shellstrom admonitions does suggest that the court did not intend to limit the rule to recharacterization of filings that, as initial pleadings, vest the trial court with jurisdiction.

### III. CONCLUSION

Defendant was entitled to the admonitions specified in Shellstrom before recharacterization of his motion as a postconviction petition. We therefore vacate the dismissal and remand the matter for such admonitions.

Vacated and remanded with instructions.

ZENOFF, P.J., and HUTCHINSON, J., concur.