2025 IL App (1st) 232167-U

No. 1-23-2167

Order filed July 17, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 17985 |
| | ) | |
| CURTIS MARBLE, | ) | Honorable |
| | ) | Peggy Chiampas, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We vacate the denial of defendant's *pro se* pleading and remand to the circuit court to clarify whether the court recharacterized the pleading as a petition for relief under the Post-Conviction Hearing Act.

¶ 2    Defendant Curtis Marble appeals the dismissal of his *pro se* pleading, which he labeled as a petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). On appeal, Marble contends that the circuit court erroneously recharacterized his section 2-1401 petition as a petition for relief pursuant to the Post-

Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) without properly admonishing him as required by *People v. Shellstrom*, 216 Ill. 2d 45 (2005), and *People v. Pearson*, 216 Ill. 2d 58 (2005). We vacate and remand for the circuit court to clarify whether it recharacterized Marble's pleading and, if so, for the court to admonish him accordingly.

¶ 3     Following a jury trial, Marble was found guilty of first degree murder and sentenced to 65 years' imprisonment. We affirmed on direct appeal. *People v. Marble*, 2016 IL App (1st) 132465-U, ¶ 2. On September 20, 2018, and October 11, 2019, Marble filed *pro se* petitions for relief under section 2-1401. The circuit court *sua sponte* dismissed both petitions, and we affirmed the dismissal of the first petition on appeal. *People v. Marble*, No. 1-19-0618 (August 11, 2020).

¶ 4     On June 9, 2023, Marble filed the *pro se* pleading titled "Petition for Relief from Judgment" now at issue, seeking relief under section 2-1401 of the Code. In the petition, Marble argued that the indictment was defective and deprived the circuit court of subject matter jurisdiction, and thus, the judgment was void. The circuit court's case summary entry for June 9, 2023, states "Post-Conviction Filed" and "Petition for Petition for Relief from Judgment 2-1401."

¶ 5     During proceedings on June 26, 2023, for which Marble was not present, the circuit court stated that it granted Marble leave to file the petition and referred to the filing as both a "petition for relief of judgment" and a "PC" petition. On July 14, 2023, with no party present, the circuit court referred to the pleading as "a subsequent PC petition or successive." The half-sheet notes for June 26, 2023, July 14, 2023, August 25, 2023, and September 1, 2023, refer to the filing as a "PC" petition.

¶ 6     On August 11, 2023, Marble filed a motion for a default judgment when the State did not respond to his section 2-1401 petition within 30 days.

¶ 7 During proceedings on September 1, 2023, which Marble did not attend, the court found "the issues raised and presented by the petitioner are frivolous or patently without merit and accordingly the defendant's post-conviction motions and/or petitions are summarily dismissed." Similar language appeared in the court's half-sheet entry for that day. In a letter sent to Marble by the clerk of the circuit court advising him of the ruling, the pleading was referred to as "Motion/Petition for Post Conviction."

¶ 8 On September 26, 2023, Marble filed a motion to reconsider arguing that the circuit court recharacterized his petition for relief from judgment as a postconviction petition. The circuit court denied reconsideration.

¶ 9 On appeal, Marble contends that the circuit court erred by recharacterizing his *pro se* pleading as a postconviction petition under the Act without following the procedures set forth in *Shellstrom* and *Pearson*. The State responds that no admonishments were required because the circuit court did not recharacterize the pleading.

¶ 10 Section 2-1401 of the Code and the Act provide different avenues through which a defendant may collaterally challenge his or her conviction. See *People v. Vincent*, 226 Ill. 2d 1, 6 (2007) (the Act "provides collateral relief from criminal convictions" and section 2-1401 of the Code offers "an entirely different form of statutory, collateral relief").

¶ 11 "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Id.* at 7-8. Proceedings under section 2-1401 are subject to the rules of civil practice, where "there is no such thing as a 'summary dismissal' " and the circuit court "may, on its own motion, dispose of a

[petition for relief from judgment] when it is clear on its face that the requesting party is not entitled to relief as a matter of law." See *id*. at 6, 12.

¶ 12    In contrast, the Act provides a three-stage mechanism for a defendant to claim a substantial denial of his or her constitutional rights during the proceedings which resulted in conviction. 725 ILCS 5/122-1 *et seq.* (West 2022). At the first stage of proceedings, the court shall summarily dismiss a petition in a written order if the petition is frivolous or patently without merit, "specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2022).

¶ 13    The circuit court may recharacterize any *pro se* pleading which raises a claim cognizable under the Act as a petition for relief pursuant to the Act, even when the pleading is "labeled as something else." *People v. Cook*, 2019 IL App (1st) 161428, ¶ 9. However, the Act permits the filing of one only postconviction petition without leave of court. See 725 ILCS 5/122-1(f) (West 2022). Pursuant to the Act, "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2022). Accordingly, when the circuit court recharacterizes a filing as an initial postconviction petition, any claims that could have been raised in that petition, but were not, cannot then be raised in a subsequent proceeding under the Act. See *People v. Montanez*, 2023 IL 128740, ¶ 74 ("[I]n the context of a successive postconviction petition, the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute.").

¶ 14    In order to ensure that a defendant has the opportunity to comply with the Act, in *Shellstrom* and *Pearson*, our supreme court outlined the procedures that a circuit court must follow before recharacterizing a *pro se* pleading as a postconviction petition for relief under the Act. *Shellstrom*,

216 Ill. 2d at 57; *Pearson*, 216 Ill. 2d at 68; *Cook*, 2019 IL App (1st) 161428, ¶¶ 10-12. When those procedures are not followed, the judgment should be vacated and the cause remanded for the circuit court to provide the defendant with appropriate warnings and the opportunity to amend or withdraw his or her pleading. *Shellstrom*, 216 Ill. 2d at 57-58; *Pearson*, 216 Ill. 2d at 68. We review *de novo* whether the circuit court complied with *Shellstrom* and *Pearson*. *People v. Corredor*, 399 Ill. App. 3d 804, 806 (2010).

¶ 15    We conclude that the record does not clearly disclose whether the court recharacterized Marble's *pro se* pleading as a postconviction petition.

¶ 16    Here, Marble's pleading was titled "Petition for Relief from Judgment," and requested relief pursuant to section 2-1401 of the Code. Specifically, Marble asked the circuit court to declare his conviction void. The case summary entry for June 9, 2023, the date that the pleading was filed, states "Post-Conviction Filed" and "Petition for Petition for Relief from Judgment 2-1401." However, at subsequent hearings, the court referred to it as a "PC" petition and "a subsequent PC petition or successive." Aside from the first hearing, the report of proceedings and the court's handwritten notes on the half-sheets never mention a petition for relief from judgment or section 2-1401 of the Code. Instead, the pleading is always referred to as a "PC." See *People v. Begay*, 2018 IL App (1st) 150446, ¶ 47 (the half-sheet or " 'docket' " is where the clerk's office enters chronological notations detailing the procedural events in the case and "may be relied on as some evidence of certain legal events").

¶ 17    The State argues that Marble's pleading was "in name and substance a section 2-1401 petition" and the circuit court did not recharacterize it. However, the court's oral pronouncement that the pleading was a "PC petition" and "a subsequent PC petition or successive petition," and

the half sheet's notation that a "PC" was denied, without any mention of section 2-1401, rebuts any presumption that the filing was evaluated as a petition for relief from judgment pursuant to section 2-1401 of the Code. See *People v. Jordan*, 218 Ill. 2d 255, 269 (2006) (reviewing court presumes circuit court "knows and follows the law unless the record demonstrates otherwise").

¶ 18    Nevertheless, a section 2-1401 petition is a postconviction collateral challenge, albeit not one filed under the Act. Therefore, absent any express discussion on the record as to which statute the court applied, and without the details of the court's reasoning in ruling as it did, the record does not disclose whether recharacterization of Marble's pleading occurred. In other words, although the court referred to the pleading as a "PC," the record does not reveal whether the court recharacterized the petition as a postconviction petition and denied Marble relief under the Act or whether the court simply used an acronym, "PC," to refer to a pleading filed after Marble's conviction.

¶ 19    Because the record is unclear, we remand this cause to the circuit court to clarify whether it recharacterized Marble's pleading as a petition for relief under the Act, and if so, to admonish Marble in compliance with *Shellstrom* and *Pearson*. See *People v. Wilmington*, 2022 IL App (1st) 200994-U, ¶¶ 26-28 (when the record did not disclose there was "no need" to provide "admonitions," the cause was remanded to the circuit court to clarify whether it recharacterized the pleading, and, if so, to properly admonish the defendant).

¶ 20    For the foregoing reasons, we vacate the circuit court's order denying Marble's *pro se* pleading and remand for proceedings consistent with this order.

¶ 21    Vacated and remanded.