NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241062-U

NO. 4-24-1062

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 10, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Lee County |
| BYRON ADAMS, | ) | No. 09CF206 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Matthew T. Klahn, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court erred by failing to admonish defendant under *People v. Pearson*, 216 Ill. 2d 58, 68 (2005), when it recharacterized his motion as a successive postconviction petition.

¶ 2    In April 2024, following his conviction for first degree murder, defendant, Byron Adams, filed a *pro se* "Motion for Hearing Sentence Reduction/Motion for Ineffective Assistant of Counsel." The trial court subsequently denied defendant's motion, indicating his "second petition for post-conviction relief is denied because it is frivolous and without merit."

¶ 3    On appeal, defendant argues the trial court erred in recharacterizing his motion without first providing him the admonishments required under *People v. Pearson*, 216 Ill. 2d 58, 68 (2005). We agree, vacate the dismissal, and remand the matter for *Pearson* admonishments.

¶ 4                                    I. BACKGROUND

¶ 5    The appellate court has previously set forth the facts in this case. *People v.*

*Adams*, 2015 IL App (2d) 130351-U; *People v. Adams*, 2018 IL App (2d) 150817-U. Accordingly, we recite only those facts relevant to this appeal.

¶ 6            On October 7, 2009, defendant was charged, by indictment, with three counts of first degree murder (720 ILCS 5/9-1 (a)(1), (2) (West 2008)). The indictment alleged, on September 11, 2009, defendant caused the death of Margaret Atherton when he placed a sock inside her mouth and a pillowcase over her head.

¶ 7            The matter proceeded to a jury trial. During its deliberations, the jury sent the following question to the trial court: "Are we correct in the fact the defendant has 3 separate charges of murder against him. If only found guilty of one count is he still considered guilty of murder?" Without objection, the court responded to the jury "you have all of the instructions the Court is, can, or will give you. The defendant is charged with three separate counts of murder. I ask that you continue to deliberate." Defendant was later found guilty of three counts of first degree murder.

¶ 8            Thereafter, the trial court sentenced defendant to 60 years' imprisonment. Defendant appealed, alleging the court erred in denying his motion to suppress his confession. The appellate court affirmed. *Adams*, 2015 IL App (2d) 130351-U, ¶ 92. In June 2015, defendant filed a postconviction petition. In the petition, defendant alleged trial counsel was ineffective for failing to advise him about the possibility of submitting lesser-included offense instructions to the jury. The court summarily dismissed the petition, and defendant appealed. The appellate court affirmed. *Adams*, 2018 IL App (2d) 150817-U, ¶ 21.

¶ 9            On April 26, 2024, defendant filed a "Motion for Hearing Sentence Reduction/Motion for Ineffective Assistant of Counsel". In his motion, defendant indicated, "[T]he reason I am filing this Motion for a Hearing is because I believe my Constitutional Rights

to a fair trail [*sic*] was violated by the court and my attorney." Defendant asserted the trial court's response to the jury's question during deliberations "influence[d] the Jury to change there [*sic*] verdict. The Jury didn't think I was guilty of all (3) counts that why they stop [deliberating]." Therefore, defendant reasoned his trial counsel was ineffective for failing to object to the court's response to the jury's inquiry. Further, defendant alleged his trial counsel was ineffective during the sentencing hearing for failing to object to the state's attorney asking "the Judge for the maximum sentence which was 60 years[and his] Attorney said nothing after the State Attorney said he would not ask for the max."

¶ 10        On July 25, 2024, the trial court issued a written decision denying defendant's motion. The court found, "The defendant filed his second petition for post-conviction relief on April 28, 2024." The court noted "the defendant does not claim actual innocence, but rather, requests a sentence modification." The court characterized defendant's motion as a postconviction petition and ultimately dismissed the motion, concluding defendant's claims were "frivolous and without merit."

¶ 11        This appeal followed.

¶ 12                                   II. ANALYSIS

¶ 13        On appeal, defendant argues the trial court erred in recharacterizing his "Motion for Hearing Sentence Reduction/Ineffective Assistant of Counsel" as a successive postconviction petition without first admonishing him that it intended to do so, as required by *Pearson*, 216 Ill. 2d at 68. The State asserts defendant's motion was "not cognizable under Illinois law and the trial court did not have jurisdiction over the motion to recharacterize it."

¶ 14        Initially, we note the State contends, because defendant requested a sentence reduction, the trial court was without jurisdiction to consider defendant's request because "[a]

- 3 -

trial court's authority to alter a sentence terminates after 30 days." See *People v. Flowers*, 208 Ill. 2d 291, 303 (2003).

¶ 15    We have an independent duty to ensure we have jurisdiction before proceeding to the merits of an appeal. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). The trial court acts properly when it recharacterizes a *pro se* petition filed under a different label as a postconviction petition when such construction is the only logical one that would preserve the court's jurisdiction. *People v. Starks*, 365 Ill. App. 3d 592, 597 (2006); see *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002) (stating it is a motion's substance, not its title, that determines the motion's character). The requirements of *People v. Shellstrom*, 216 Ill. 2d 45, 57 (2005), apply even where the trial court recharacterizes, as a postconviction petition, a *pro se* pleading over which the court would lack jurisdiction if it accepted the defendant's own characterization. See *People v. Corredor*, 399 Ill. App. 3d 804, 808-09 (2010).

¶ 16    Here, while it is true the trial court would lack jurisdiction to address defendant's request to *reduce* his sentence, the court recharacterized defendant's petition as a "second petition for post-conviction relief." Further, the court observed defendant's motion was a "collateral attack on the judgment." Accordingly, we conclude the trial court had jurisdiction to address defendant's motion.

¶ 17    Turning to the merits of defendant's appeal, a trial court may recharacterize an otherwise labeled *pro se* pleading and treat it as a postconviction petition. See *Shellstrom*, 216 Ill. 2d at 53. "A pleading or motion eligible for such a recharacterization is one that, though alleging constitutional deprivations that are cognizable under the [Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2024))], makes no mention of the Act." *People v.*

*Strickland*, 2017 IL App (4th) 150714, ¶ 38. *Pro se* defendants frequently choose an inappropriate method of collaterally attacking their convictions. *People ex rel. Palmer v. Twomey*, 53 Ill. 2d 479, 484 (1973). "[A] trial court has *no obligation* to recharacterize a *pro se* pleading pursuant to section 122-1(d)." (Emphasis in original.) *People v. Stoffel*, 239 Ill. 2d 314, 324 (2010). If the court does recharacterize the pleading or motion, "the *pro se* litigant deserves a fair warning, with an opportunity to withdraw or amend the pleading or motion." *Strickland*, 2017 IL App (4th) 150714, ¶ 38.

¶ 18 Before recharacterizing a defendant's *pro se* pleading as an initial postconviction petition, a trial court must (1) notify the defendant the court intends to recharacterize the pleading; (2) warn the defendant the recharacterization means any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions; and (3) provide the defendant an opportunity to withdraw the pleading or to amend it so it contains all the claims appropriate to a postconviction petition the defendant believes he or she has. *Shellstrom*, 216 Ill. 2d at 57; *People v. Hood*, 395 Ill. App. 3d 584, 586 (2009).

¶ 19 In *Pearson*, the supreme court concluded the trial court must provide the same admonishments when recharacterizing a defendant's *pro se* pleading as a successive postconviction petition. *Pearson*, 216 Ill. 2d at 68. In this situation, admonishments are necessary to warn a defendant his recharacterized petition will be subject to the cause-and-prejudice test for claims not brought in the initial postconviction petition. *Pearson*, 216 Ill. 2d at 68. Prior to recharacterizing a defendant's *pro se* pleading as a successive postconviction petition, the trial court must:

"(1) notify the *pro se* litigant that the court intends to recharacterize the pleading,

(2) warn the litigant that this recharacterization means that the petition will be

subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the factors and arguments appropriate to a successive postconviction petition that the litigant believes he or she has." *Pearson*, 216 Ill. 2d at 68.

We review *de novo* whether the trial court has used the proper procedure under *Shellstrom* and *Pearson*. See *Corredor*, 399 Ill. App. 3d at 806.

¶ 20        Here, the record shows the trial court failed to give defendant the requisite admonishments before recharacterizing his "Motion for Hearing Sentence Reduction/Motion for Ineffective Assistant of Counsel." In his motion, defendant specifically alleged his trial counsel was ineffective for failing to object to the response given by the court to the jury in reply to their inquiry and trial counsel "said nothing after the State Attorney said he would not ask for the [maximum sentence]" during the sentencing hearing. A *pro se* filing which alleges a constitutional deprivation without explicitly labeling itself as a postconviction petition under the Act does not have the clear character of a postconviction petition. See 725 ILCS 5/122-1(d) (West 2024); *Shellstrom*, 216 Ill. 2d at 53 n.1. Under *Shellstrom*, the court, upon receiving the ambiguous document, has a choice: (1) recharacterize the document as a postconviction petition or (2) do not recharacterize it as such. See *Shellstrom*, 216 Ill. 2d at 53 n.1. The court definitively recharacterized defendant's motion here. As such, remand for compliance with *Pearson* is necessary.

¶ 21        On remand, defendant shall be provided admonishments in accordance with *Pearson*. If defendant elects to proceed with his successive postconviction petition, the trial court shall determine whether such successive postconviction petition satisfies either the cause-and-prejudice standard or sets forth a claim of actual innocence. See *People v. Edwards*, 2012 IL

111711, ¶ 22 (As the Act contemplates the filing of only one postconviction petition, there are "two bases upon which the bar against successive proceedings will be relaxed.").

¶ 22                                   III. CONCLUSION

¶ 23        For the reasons stated, we vacate the trial court's dismissal of defendant's *pro se* motion and remand with directions to the court to admonish defendant and provide him an opportunity to either withdraw the motion or amend it pursuant to *Pearson*.

¶ 24        Vacated and remanded with directions.