2026 IL App (1st) 241088-U

No. 1-24-1088

Order filed June 2, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 06 CR 03025 |
| JERMAINE COOPER, | ) ) | Honorable Marc Martin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirmed. Section 2-1401 petition was properly dismissed.

¶ 2    Petitioner Jermaine Cooper appeals from an order of the circuit court that denied his *pro se* pleading titled "Demand for 5/2-1401(F) West 2018) [*sic*] Petition for Relief from Judgements." On appeal, petitioner, now represented by counsel, claims the circuit court re-characterized his pleading from a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure to a petition for relief under the Post-Conviction Hearing Act (the

"PCHA") without providing admonishments pursuant to *People v. Pearson*, 216 Ill. 2d 58 (2005) and *People v. Shellstrom*, 216 Ill. 2d 45 (2005). We disagree and affirm the court's judgment.

¶ 3        On June 1, 2006, petitioner pleaded guilty to delivery of a controlled substance within 1,000 feet of a park in exchange for a sentence of 12 years in prison. He timely filed a motion to vacate his guilty plea but later withdrew it.

¶ 4        On December 26, 2007, petitioner filed a *pro se* petition under the PCHA. The circuit court docketed the petition. Petitioner then withdrew that petition, too.

¶ 5        On February 17, 2021, petitioner filed a second petition under the PCHA. He challenged two of his convictions, the one here and another one, Case No. 06 CR 3027, also for delivery of a controlled substance. He claimed that newly discovered evidence showed that the police officers who arrested him had been tried and convicted of being part of an illegal drug ring. This new evidence, he argued, "tainted" his convictions and "violated petitioner's 8th and 14th Amendment to due process rights under the U.S. Constitution." He swore that he would not have pleaded guilty had this information been known at the time.

¶ 6        Petitioner acknowledged in that petition, as well, that he "has long done his time for the above mentioned offenses," meaning he was no longer in prison or on mandatory supervised release for these offenses.

¶ 7        The petition was automatically advanced to the second stage after it did not receive a ruling within 90 days of its filing. See 725 ILCS 5/122-2.1(a) (West 2022). In a written order entered on May 13, 2022, the circuit court denied the petition for two independent reasons: (1) the court believed the petition to be a successive postconviction petition on the theory that his first petition, later withdrawn, counted as his initial postconviction petition, but petitioner could

not establish cause and prejudice to file a successive petition; and (2) petitioner "lacks standing because he has completed service of the sentence in this case."

¶ 8     At the hearing, the court noted petitioner's lack of standing as well:

> "[T]here is a lack of standing issue in that he has served his sentence in this case and is no longer on supervised release. If he's in custody, it's on another matter. So he does not have standing to even file a successive post-conviction petition. So that case will be dismissed. That will be a final judgment."

¶ 9     The court's ruling on standing was undeniably correct. A defendant who is no longer serving a sentence for an offense, in prison or even on mandatory supervised release, has no standing to seek relief under the PCHA for that offense. *People v. Dunn*, 2020 IL App (1st) 150198, ¶ 17 (PCHA does not exist merely to purge criminal records; petitioner must be in prison or on mandatory supervised release for offense to file petition under PCHA); *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 15 (same). Petitioner does not argue otherwise.

¶ 10    Nevertheless, petitioner filed a motion to reconsider the order of May 13, 2022. On August 5, he filed a "Supplemental Petition for Post-Conviction Relief." On August 26, the circuit court denied both pleadings. The court again reiterated, among other things, that petitioner was no longer serving the sentence in that case and thus lacked standing to bring a postconviction petition.

¶ 11    On November 14, 2022, and September 5, 2023, petitioner filed two *pro se* motions to compel the circuit court to advance his second postconviction petition to the second stage of proceedings. Both motions were denied.

¶ 12    So petitioner tried to get the same relief, but this time via a section 2-1401 petition. He filed the section 2-1401 petition at issue here on January 18, 2024. He requested that the circuit court vacate the May 13, 2022, order dismissing petitioner's second postconviction petition under the PCHA. Petitioner argued that the circuit court erred in treating petitioner's second postconviction petition as a successive petition, because petitioner had "never filed" an initial postconviction petition (he had withdrawn his first one). Petitioner also complained that he had not received copies of various orders entered by the court. His ultimate prayer was that the court "recall the issue at hand and reschedule hearing to clarify the points of this case."

¶ 13    During proceedings on February 23, 2024, the following colloquy occurred:

> "THE COURT: I don't know what you're requesting here with this case, *** because I have a demand for a 5/2-1401 petition for relief from judgment. So is this a new petition for relief from judgment or is it a motion to reconsider?
>
> THE DEFENDANT: No, that's 2-1401.
>
> THE COURT: So it's a new petition?
>
> THE DEFENDANT: Yeah."

¶ 14    On May 10, 2024, the circuit court heard argument on petitioner's pleading. The court advised petitioner:

> "If you have anything to say on the issue of standing, you may do that. I don't want to hear any other arguments because there's a threshold issue whether you have standing to bring this. The law is if you're not on supervised release, you don't have the authority—there's no recognized jurisdictional basis to accept a post-conviction filing."

¶ 15    Following argument, the circuit court stated that "the *pro se* post-conviction petition will be dismissed for lack of standing" because petitioner "was not on supervised release when he filed the petition." The circuit court's half-sheet entry for that date, similarly, states, "PC [p]etition [d]ismissed for lack of standing" because petitioner "was not on supervised release when he filed the petition."

¶ 16    On appeal, petitioner claims the circuit re-characterized his January 18, 2024, *pro se* pleading from a section 2-1401 petition to a petition under the PCHA without admonishing him pursuant to *Shellstrom* and *Pearson*. Those decisions hold that, if a court re-characterizes a petition as one falling under the PCHA, the court must (1) advise the petitioner that it intends to re-characterize the pleading, (2) warn the petitioner that this re-characterization will subject subsequent postconviction petitions to the restrictions on successive postconviction petitions, and (3) afford the petitioner an opportunity to withdraw or amend the pleading so that it contains all claims the petitioner believes may be available to him. See *Pearson*, 216 Ill. 2d at 68; *Shellstrom*, 216 Ill. 2d at 57.

¶ 17    But we do not read the court's actions here as re-characterizing petitioner's section 2-1401 petition. Though the court's language was admittedly inartful, the substance of what the court did becomes clear when we consider the content of the section 2-1401 petition. The relief petitioner requested was entirely directed at getting a favorable ruling on his PCHA petition that had been dismissed at the second stage. And the court ruled, as it had many times already, that postconviction relief was no longer available to petitioner, as he had already served his sentence, including mandatory supervised release. In other words, he lacked standing to obtain any relief under the PCHA. So his section 2-1401 petition, directed solely at obtaining further PCHA relief,

had no merit on its face and was subject to *sua sponte* dismissal. That is the substance and effect of the court's ruling: a dismissal of petitioner's section 2-1401 petition on the merits.

¶ 18    The *sua sponte* dismissal, based on petitioner's lack of standing to assert a claim under the PCHA, was correct on the law. And it was timely, too, as much more than 30 days had passed since its filing; the section 2-1401 petition was filed in January 2024 and denied that May. See *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009) (court may dismiss section 2-1401 petition *sua sponte* after 30-day period for State to answer or otherwise plead).

¶ 19    Though we have said enough, imagine the result otherwise. Petitioner seeks a reversal of the court's judgment and a remand for admonishments under *Shellstrom* and *Pearson*. The entire point of those admonishments is to protect a petitioner's postconviction rights going forward. See *Pearson*, 216 Ill. 2d at 68; *Shellstrom*, 216 Ill. 2d at 57. But petitioner no longer *has* any postconviction rights. The entire exercise would be a waste of time and resources; the court would give the admonishments and then dismiss the section 2-1401 petition for the very reason it already gave the first time (and which it gave at least three times previously). We will not exalt form over substance when the clear import of the trial court's ruling was that the relief requested in petitioner's section 2-1401 petition—further proceedings under the PCHA—was unavailable to him as a matter of law.

¶ 20    The judgment of the circuit court is affirmed.

¶ 21    Affirmed.